## 75787. BURKE v. THE STATE.
(367 SE2d 118)

SOGNIER, Judge.

Burke appeals from his conviction of rape, aggravated sodomy, aggravated assault and false imprisonment.

1. During trial the State sought to introduce the testimony of Rita Heath concerning an alleged sexual assault by appellant as evidence of a similar transaction. After evidence was presented at a hearing outside the presence of the jury the trial court ruled that her testimony was not admissible. Subsequently, when appellant testified in his own behalf, he stated on direct examination that when the victim was talking to him while they were drinking in appellant's apartment, she asked appellant why he was not more aggressive toward her, and he told the victim that "I just don't jump at women." On cross-examination appellant was asked if he remembered jumping at Heath, and he said no. After the defense rested the State called Heath as a rebuttal witness to impeach appellant's testimony that he did not jump at women. Heath was allowed to testify, over objection, that on October 16, 1985, appellant offered to let Heath use the telephone in his apartment to call a taxi. Heath accepted the offer and

after calling a taxi, appellant would not let her leave the apartment. Appellant then put a knife to Heath's throat, pushed her onto a couch and forced her to disrobe. Appellant had removed his clothing and got on top of Heath, but before he could complete a sexual assault of Heath the police arrived, having been summoned by one of Heath's friends who heard her call for help.

Appellant contends it was error to allow Heath to testify in rebuttal, because the trial court had ruled that such testimony was inadmissible as evidence of a similar transaction. Where the defendant falsely denies past criminal conduct the State is entitled to impeach the defendant, as it would be entitled to impeach any other witness, by showing the untruth of the statement. *Porter v. State*, 254 Ga. 388, 389 (2) (330 SE2d 94) (1985). Since appellant testified that he did not jump at Heath on October 16, 1985, the State was authorized to impeach appellant by showing that he did, in fact, assault Heath on that date. Id.; *Williams v. State*, 257 Ga. 761 (363 SE2d 535) (1988). (The trial court determined that the jury could consider an assault the same thing as "jumping at" a woman.)

Appellant also argues that the court erred by not instructing the jury, without request, that Heath's testimony was admitted for the limited purpose of impeaching appellant's testimony that he did not jump at women. This argument has been decided adversely to appellant. *State v. Byrd*, 255 Ga. 665, 668 (341 SE2d 455) (1986).

2. Appellant contends the trial court erred by denying his request for funds to hire an expert to perform an analysis of appellant's semen. No semen had been taken from appellant, and the only evidence offered by the State was that an analysis of substances taken from the victim when a rape kit was prepared disclosed the presence of sperm, indicating that the victim had engaged in sexual intercourse within twenty-four to thirty-six hours prior to her physical examination. There was no evidence that the sperm belonged to appellant, or that it matched sperm found in semen taken from appellant. Thus, any analysis of appellant's semen would have no probative value, since it would not prove or disprove any fact in issue.

The grant or denial of a motion by a defendant for funds to employ an expert witness lies within the sound discretion of the trial court, and absent an abuse of such discretion, the trial court's ruling will be upheld. *Patterson v. State*, 239 Ga. 409, 412 (3) (238 SE2d 2) (1977); *Hudson v. State*, 175 Ga. App. 692 (1) (334 SE2d 20) (1985). See also *Roseboro v. State*, 258 Ga. 39 (365 SE2d 115) (1988), which sets forth the showing required by an indigent defendant to obtain funds to hire an expert witness. Appellant has made no showing of prejudice resulting from the court's ruling, and thus, we find no abuse of discretion. Id.

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MARCH 11, 1988.

*Jerry Boykin*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys*, for appellee.