A92A2297. DANIELS v. THE STATE.
(428 SE2d 820)

COOPER, Judge.
Appellant was convicted of armed robbery and appeals from the entry of the judgment of conviction and sentence and the denial of his motion for new trial.

Viewed in a light to support the jury's verdict, the evidence shows that on New Year's Eve 1990, at approximately 8:00 p.m., appellant and a friend entered a sandwich shop and stood in the order-

ing line for a time, allowing other customers to order ahead of them. When the other customers had gone, appellant placed an order, and while one employee made his sandwich, appellant drew a black revolver, placed it on the chest of the store employee at the cash register and demanded the money in the register. Appellant took $80 and threatened the employees that he would shoot if they moved. When the police arrived, the employee who had been making sandwiches identified appellant by name as the perpetrator, recognizing appellant because they lived in the same apartment complex for several years, and during that time, the employee would see appellant standing at a bus stop every day. Thereafter, both employees identified appellant in a photographic line-up.

1. In his first enumeration of error, appellant contends the trial court erred in failing to charge the jury on mistaken identity after the court advised that appellant's requests to charge would not be given but that the principle would be included in the court's charge. Appellant argues that the charge given did not contain the phrase "mistaken identity" and thus, did not "substantially comply" with his requests to charge.

" ' "(I)t is no longer necessary to give the exact language of requests to charge when the same principles are fairly given to the jury in the general charge of the court. (Cit.)" (Cit.)' [Cit.]" *Radford v. State*, 202 Ga. App. 532, 534 (1) (415 SE2d 34) (1992). The court charged the jury as follows: "If, after considering all of the evidence on this issue and all the facts in this case, the identity of the defendant and his presence and participation in the crime alleged has not been established to a moral certainty and beyond a reasonable doubt, then you must acquit the defendant." This instruction charged the essential principle embodied in appellant's requests to charge, that appellant be identified as the perpetrator beyond a reasonable doubt. Accordingly, we find no error.

2. Appellant next contends the trial court erred in defining armed robbery in its charge as robbery committed by "use of an offensive weapon or by any replica, article or device having the appearance of such a weapon." Appellant argues that because the indictment specifically alleged armed robbery "by use of a handgun; the same being an offensive weapon" the jury was erroneously instructed as to other means by which the offense of armed robbery could be committed. The trial court essentially charged the entire armed robbery statute. OCGA § 16-8-41 (a). " 'It is not usually cause for new trial that an entire Code section is given. (Cits.) This is so even though a part of the charge may be inapplicable under the facts in evidence. (Cits.)' [Cit.]" *Hambrick v. State*, 204 Ga. App. 668, 671 (4) (420 SE2d 308) (1992). The evidence was undisputed that a handgun was used in the commission of the robbery, and although the court did not read di-

rectly from the indictment in the course of charging the jury, the indictment went out with the jury during its deliberations. Considering the charge in its entirety in connection with the evidence adduced at trial, the jury could not have been misled into convicting appellant of armed robbery by any means other than as charged in the indictment. *Hambrick*, supra.

3. The trial court also charged the jury as follows on the resolution of conflicts: "[I]n determining the facts in this case you may find conflicts in the evidence. And if you do find conflicts it would be your duty under the law to reconcile those conflicts, if possible. However, if you find any parts of the evidence are in such conflict as to make it impossible for you to reconcile it, then you must believe that evidence which seems most reasonable, probable and truthful to you, because you are the only ones that can make that decision." Appellant contends that by instructing the jury that it "must believe that evidence which seems most reasonable," the trial court coerced the jury into reaching a verdict and lowered the State's burden to prove each element of the offense beyond a reasonable doubt. Appellant argues that the jury did not have a duty to believe the evidence which seemed most reasonable and, in fact, had the option of disbelieving that which seemed most reasonable. We disagree. The charge merely instructs that when possible, the jury is duty-bound to resolve conflicts in the evidence; however, in the event it is impossible to resolve a conflict, the jury should believe that evidence which seems most reasonable, in favor of or against the defendant. Moreover, the court's instructions on reasonable doubt clearly set forth the State's burden to prove each element of the offense charged beyond a reasonable doubt and of the responsibility of the jury to acquit, if the State fails to meet its burden.

4. Appellant contends the photographic line-up was impermissibly suggestive and tainted the store employees' in-court identification because in an array of six photographs, his picture had a position of greater prominence than the other photographs. Appellant's picture was in the center of the top row of three photographs. Appellant also complains that because the first photograph was darker, the witnesses gave it less attention than the other five photographs. " 'Based on the evidence we find nothing which tainted the pretrial identification by photo spread, and nothing in that identification which would taint (the [victims']) in-court identification of appellant. Whether a subsequent in-court identification is tainted depends on all the circumstances of the case. Conviction based on eyewitness identification at trial following a pretrial identification by photograph will be set aside only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. (Cits.)' [Cit.]" *Arnold v. State*, 198 Ga. App.

449 (1) (402 SE2d 69) (1991). The record shows that one of the store employees identified appellant at the scene of the robbery, and it was because of that identification that the police included appellant's photograph in the array. Furthermore, contrary to appellant's contention, it cannot be assumed that the position of appellant's photograph in the array gave the picture greater prominence and therefore increased the likelihood of its selection by the store employees. The employees had ample time to view appellant during the robbery and separately selected appellant's photograph one week after the incident. This enumeration is without merit.

5. Finally, appellant takes exception to the court's charge that "moral and reasonable certainty is all that can [be] expected in a legal investigation." Appellant contends the charge lowers the State's burden of proving each element of the offense beyond a reasonable doubt. This enumeration is also without merit. " 'The phrases, "to a moral and reasonable certainty" and "beyond a reasonable doubt," as applied to the quality of proof in a case, are identical in meaning.' [Cits.]" *Dicks v. State*, 155 Ga. App. 591 (271 SE2d 727) (1980).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 9, 1993.

*Michael T. McClain*, for appellant.

*Lewis R. Slaton, District Attorney, Leonora Grant, Sylvia A. Martin, Assistant District Attorneys*, for appellee.