S02A1504. WILLIAMS v. THE STATE.
(571 SE2d 385)

CARLEY, Justice.

After a jury trial, Courtney Williams was found guilty of felony murder, armed robbery, and aggravated assault. Merging the armed robbery and aggravated assault counts into the felony murder count, the trial court entered judgment of conviction and sentenced Williams to life imprisonment. A motion for new trial was denied, and he appeals.[1] His co-indictee, Kenyama Smith, was tried separately and also convicted of felony murder, and this Court affirmed that conviction. *Smith v. State*, 273 Ga. 356 (541 SE2d 362) (2001).

1. Construed in support of the verdict, the evidence shows that Michelle Russell drove the victim to an apartment to buy drugs. Smith and Appellant Williams followed the victim back to the car. Smith took something from the victim and shot him in the thigh, while Appellant hid behind a building. Smith and the victim continued to struggle. Williams then walked up to the victim and shot him

---

[1] The crime occurred on June 1, 1998. The grand jury returned its indictment on June 26, 1998. The jury found Williams guilty on September 20, 1999 and the trial court entered the judgment of conviction and sentence on September 24, 1999. Williams filed a motion for new trial on September 28, 1999, and the trial court denied that motion on March 29, 2002. Williams filed a notice of appeal on April 26, 2002. The case was docketed in this Court on June 19, 2002 and submitted for decision on August 12, 2002.

in the back. Appellant and Smith went through the victim's pockets before fleeing the scene. Ms. Russell identified Williams in a pre-trial photographic lineup and again at trial. Two additional eyewitnesses also identified Appellant in court and testified that he followed the victim and Smith and subsequently shot the victim. The evidence was sufficient to prove the underlying felonies and to authorize a rational trier of fact to find Williams guilty of felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Scruggs v. State*, 273 Ga. 752 (1) (545 SE2d 888) (2001); *Smith v. State*, supra at 356 (1).

2. Williams contends that the trial court erroneously admitted Ms. Russell's pre-trial identification of him. According to Appellant, the photographic lineup was impermissibly suggestive because he was the only one without a goatee, he had more hair than the others, and his photograph had a darker background.

> An identification procedure is impermissibly suggestive when it leads the witness to an "all but inevitable identification" of the defendant as the perpetrator ([cit.]) or . . . is the equivalent of the authorities telling the witness, "This is our suspect." [Cit.]

*Clark v. State*, 271 Ga. 6, 12 (7) (b) (515 SE2d 155) (1999). Contrary to the assertion on appeal, each photograph in the lineup here displayed a young black male with a mustache and a goatee. *Williams v. State*, 272 Ga. 828, 829 (2) (537 SE2d 39) (2000); *Clark v. State*, supra at 12 (7) (b). Williams had some chin hair, a similar hairstyle to the others, and an amount of hair and a dark background that was similar to some of the others. The slight differences in Appellant's facial hair, the hair on his head, and the darkness of the background did not cause the photographic lineup to be impermissibly suggestive. *Williams v. State*, supra at 829 (2); *Miller v. State*, 270 Ga. 741, 743 (2) (512 SE2d 272) (1999); *Brodes v. State*, 250 Ga. App. 323, 326 (2) (a) (551 SE2d 757) (2001); *Taylor v. State*, 203 Ga. App. 210, 211 (2) (416 SE2d 554) (1992). Appellant complains that the top of the lineup display read "Clayton County Sheriff's Office," but those words alone do not identify or suggest any particular photograph, and he does not argue that this label injected his character into evidence. See *Clark v. State*, 249 Ga. 18 (287 SE2d 523) (1982). Moreover, such an argument would be without merit. *Harris v. State*, 191 Ga. App. 399 (381 SE2d 602) (1989).

The photographic display has been included in the record and, based upon our review of it, we conclude that "the trial court was authorized to find that there was no impermissible suggestiveness. [Cits.]" *Riley v. State*, 268 Ga. 640, 643 (3) (491 SE2d 802) (1997).

Furthermore, Williams "did not object to the in-court identifications and has, therefore, waived objection to it on appeal. [Cits.]" *Heng v. State*, 251 Ga. App. 274, 278 (2) (554 SE2d 243) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 2002.

*Brown & Gill, Angela Y. Brown,* for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.