## A03A1276. WILLIS v. THE STATE.
### (582 SE2d 573)

ELDRIDGE, Judge.

A Fulton County jury found Patrick Willis guilty of armed robbery based upon acts Willis committed against another at the Big-A Carwash on Lee Street in Atlanta. Without challenging the sufficiency of the evidence against him, Willis claims in his sole enumeration of error that the trial court erred in denying his motion in limine as to the victim's identification of him as the perpetrator, because such identification was based upon an impermissibly suggestive lineup. We find this claim meritless and affirm Willis' conviction.

During the hearing on the motion in limine, Detective C. L. White testified that he put the lineup together with the aid of a computer program that selects approximately 300 photographs of substantial similarity to a specific defendant, in this case Willis. The detective then chose from the computer's selection five photographs of individuals with coloring, facial hair, age, and features similar to Willis. He showed the lineup to the victim after reading the standard "admonition" that the lineup may or may not contain a picture of the perpetrator; that the victim may not talk to anyone during his selection; and that hairstyles and complexions could be different. The victim picked Willis out of the lineup and initialed his choice.

At the hearing, Willis called an expert witness, Dr. Stephen Cole, to testify that the lineup was impermissibly suggestive and resulted

in a substantial likelihood of misrepresentation, because Willis was the only subject in the photo array who had a receding hairline; the only one wearing a jacket sweatshirt; and the only subject who was not staring straight ahead in the photograph. Cole then testified that he conducted a survey in which he showed the photograph to "30 young black men" and asked them "essentially, does anybody in this set of six pictures stand out to you; or are any of them very different to you." He testified that 73 percent of the young men picked out Willis. Dr. Cole did not testify as to where he located the "30 young black men"; where they viewed the photo array; whether they viewed it as a group or individually; exactly the question that was asked, as opposed to "essentially" the question that was asked; whether these young men had performed this service for Cole before; or any other question to establish the authenticity of his survey.

After hearing the testimony of the witnesses, arguments of the attorneys, and viewing the photo lineup, the trial court found as a matter of fact that Willis was not the only subject in the photo array with a receding hairline; that all the subjects had similar facial hair; that they all were of a similar age; and that they all had similar skin coloring. The court found that, while Willis was the only subject looking slightly away from the camera, another subject was looking down. The court determined that Willis' jacket was "somewhat different from the others," but the lineup was not "so unfair as to throw it out." The trial court denied Willis' motion in limine but permitted Dr. Cole to testify to the jury as an expert.

During trial, Cole testified exhaustively regarding his qualifications, his survey, and his opinion that there was a substantial likelihood that the victim had misidentified Willis as the perpetrator. The jury apparently rejected Cole's conclusions and accepted the victim's identification. They convicted Willis. *Held*:

> An identification procedure is impermissibly suggestive when it leads the witness to an all but inevitable identification of the defendant as the perpetrator or is the equivalent of the authorities telling the witness, "This is our suspect."[1]

Here, the detective put together a photo array wherein Willis had a mustache similar to the other subjects, a hairstyle similar to the others, similar coloring, and a dark background that was similar to the others. The slight differences in Willis' dress and photographic angle did not cause the photo lineup procedures to be impermissibly

---

[1] (Citations and punctuation omitted.) *Williams v. State*, 275 Ga. 622, 623 (2) (571 SE2d 385) (2002).

suggestive.[2] The photographic array has been included in the record, and based upon our review of it, we conclude that the trial court was authorized to find that there was no impermissible suggestiveness.[3] Further, there is no evidence, or claim, that the procedures used to show the lineup to the victim contributed to the identification of Willis as the perpetrator. In the absence of any evidence that the police used an improperly suggestive procedure to either put the lineup together or show it to an eyewitness, Willis' expert's testimony went to the weight to be given the exhibit, not its admissibility.[4]

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 3, 2003.

*Harold S. Gulliver*, for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney*, for appellee.

[2] Id.; *Bonds v. State*, 203 Ga. App. 51, 52 (1) (416 SE2d 329) (1992); *James v. State*, 157 Ga. App. 645, 646 (2) (278 SE2d 187) (1981); *Daniels v. State*, 207 Ga. App. 689, 691 (4) (428 SE2d 820) (1993).

[3] *Williams v. State*, supra at 623; *Shakim v. State*, 211 Ga. App. 199, 200 (1) (438 SE2d 673) (1993).

[4] *Neil v. Biggers*, 409 U. S. 188 (93 SC 375, 34 LE2d 401) (1972); *Martin v. State*, 193 Ga. App. 581 (1) (388 SE2d 420) (1989).