## A04A1518. LOVELACE v. THE STATE.
(603 SE2d 784)

BARNES, Judge.

Charles Lovelace, also known as Charles McCullough, appeals his convictions of two counts of cocaine sales. Lovelace argues on appeal that the trial court erred in deciding that sufficient evidence supported the jury verdict and abused its discretion by refusing to replay certain evidence during jury deliberations. For the reasons following, we affirm.

Lovelace was convicted of crimes resulting from incidents during which he sold cocaine to a police informant on two separate occasions. Lovelace was sentenced to thirty years, with fifteen years to serve consecutively for each of two counts of selling cocaine. Lovelace also pled guilty to one count of possession of marijuana with the intent to distribute and was sentenced to ten years to run concurrent with the other two counts.

Viewed in support of the verdict, the evidence shows that a police informant took part in a controlled drug purchase with three law enforcement officers from the county drug task force. The police searched the informant and his vehicle before giving him money to buy drugs, and an undercover officer took the informant to Lovelace's apartment. Lovelace dropped a key to his apartment down to the informant from his balcony, and the informant entered the apartment. After Lovelace took the informant to an upstairs bedroom and sold him crack cocaine, the informant left the apartment and gave the drugs to law enforcement officials.

Two weeks later, the informant again conducted another drug buy. After police searched the informant and gave him money to buy drugs, he went to Lovelace's apartment and purchased crack cocaine. The informant turned the drugs he purchased over to law enforcement officials.

Later that same day, law enforcement officials went to Lovelace's apartment to execute a search warrant. Lovelace was in a car in the parking lot with three other occupants, and tried to speed away when the police arrived. Police saw an individual on Lovelace's side of the car throw several items out of the window, and later recovered four individual bags of marijuana packaged for distribution. Lovelace later claimed possession of the marijuana. The officers searched the car and found $5,000 worth of jewelry and a police scanner. They also found $240 cash on Lovelace.

Police then executed the search warrant for Lovelace's apartment. Inside the apartment, police found six IDs, plastic bags used for

packaging narcotics, and bolts for barricading the door. At trial, the informant identified Lovelace as the man who had sold him cocaine on each occasion.

1. Lovelace contends that the evidence was insufficient to support his guilty verdict. He claims that the State only presented one witness's uncorroborated testimony, which on its own did not present sufficient evidence by which to support the jury verdict of guilty as to the two counts of selling cocaine.

On appeal, we view the evidence in the light most favorable to the verdict and Lovelace no longer enjoys the presumption of innocence. We neither weigh the evidence nor judge the credibility of the witnesses, but only determine if the evidence is sufficient to sustain the convictions. *Taylor v. State*, 226 Ga. App. 254, 255 (485 SE2d 830) (1997). OCGA § 24-4-8 provides that the testimony of a single witness is generally sufficient to establish a fact. The only exception in a felony case is when the single witness is an accomplice, which is not applicable to the present case. See *Ross v. State*, 245 Ga. 173, 177 (263 SE2d 913) (1980). The credibility of the informant, an admitted drug user and police informant, was for the jury to decide. *Moton v. State*, 242 Ga. App. 397 (530 SE2d 31) (2000).

Viewed in the light most favorable to the verdict, the evidence showed that Lovelace not only sold the police informant crack cocaine, but drug-related items were found in his apartment. Further, the police searched the informant to verify he had no drugs before he met with Lovelace, and then recovered cocaine from the informant after he met with Lovelace. We are satisfied that a rational trier of fact could have found Lovelace guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Lovelace contends that the trial court erred in refusing to replay specific witness testimony during jury deliberations. Because the defendant did not raise the issue at trial, the issue is waived. *Jackson v. State*, 252 Ga. App. 16, 17 (2) (555 SE2d 240) (2001). Lovelace not only failed to object to the trial court's ruling, but affirmatively acquiesced to the court's decision, and cannot now complain of that ruling on appeal. *Whisnant v. State*, 178 Ga. App. 742, 744 (2) (344 SE2d 536) (1986).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED AUGUST 26, 2004.

*Pedro Quezada*, for appellant.

*J. Gray Conger, District Attorney, Margaret E. Bagley, David R. Helmick, Assistant District Attorneys,* for appellee.