A04A1808. GARCIA v. THE STATE.
(611 SE2d 92)

RUFFIN, Chief Judge.

A jury found Raul Bailon Garcia guilty of armed robbery, theft by taking a motor vehicle, and possession of a firearm during the commission of a felony. Garcia appeals, asserting that the evidence was not sufficient to support the verdict and that the trial court erred in denying his motion for mistrial. For reasons that follow, we affirm.

On appeal from a criminal conviction, "the defendant no longer enjoys the presumption of innocence, and we view the evidence in the light most favorable to the verdict to determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty beyond a reasonable doubt."[1] We neither resolve conflicts in the evidence nor assess witness credibility, but merely determine the legal sufficiency of the evidence.[2] Viewed in this manner, the evidence shows that on October 25, 2000, Antonio Cuevas was cleaning the house he shared with his cousin and several others when his cousin's girlfriend knocked on the door. Cuevas told her that his cousin was

---

[1] *Smith v. State*, 247 Ga. App. 173 (543 SE2d 434) (2000).

[2] See *Bales v. State*, 232 Ga. App. 761, 763 (1) (503 SE2d 607) (1998).

not home, and the girlfriend said she would wait. Several minutes later, a black car, which Cuevas could see through the open door, honked, and the girlfriend told Cuevas it was her friends. She asked if they could come in the house, but Cuevas said no because he did not know them.

A short time later, as Cuevas was mopping his kitchen floor, several men entered from the back door, and one man put a gun to his head, stating "don't do anything because I'll kill you." The man was bald and had a beard and mustache. He ordered Cuevas to get on the floor, and for 15 to 20 minutes Cuevas could hear the men "taking everything out" and "throwing things." The intruders finally left, but the same man who had held the gun to Cuevas' head returned and demanded the keys to Cuevas' car, which was parked outside the house. Cuevas gave him the keys, and when he went outside after the intruders departed, his car was gone.

Sometime following the robbery, Cuevas positively identified Garcia from a photographic lineup as the man who had held the gun to his head. At trial, two years later, Cuevas again identified Garcia from the picture in the photographic lineup. However, he was unable to identify Garcia in the courtroom, stating that "it looks like he's got hair, no beard, no mustache, that's the reason I couldn't tell you if that's him. He [has] changed a lot."

Unlike Cuevas, the detective who arrested Garcia positively identified Garcia in court as the man he arrested, although he noted that he "almost didn't recognize [Garcia]." The detective testified that Garcia "look[ed] profoundly different" in that "[h]is hair [was] longer [and] he [was] clean shaven" at the time of the trial.

1. Garcia argues that the evidence is insufficient to prove that Garcia was "one of the people who committed the crimes against Mr. Cuevas," specifically noting that Cuevas was unable to identify Garcia in court.[3] We disagree. Although Cuevas was unable to identify Garcia in court due to Garcia's changed appearance, he positively identified Garcia from a photographic lineup both immediately after the robbery and at trial. This evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Garcia was guilty of armed robbery, theft by taking a motor vehicle, and possession of a firearm during the commission of a felony.[4]

2. Garcia also argues that the Court erred in denying his motion for mistrial based on allegedly improper remarks during the State's closing argument. The State, on the other hand, argues that by failing

---

[3] Garcia does not challenge the validity of the photographic lineup.

[4] See *Ivey v. State*, 277 Ga. 875 (596 SE2d 612) (2004).

to renew his motion following curative instructions, Garcia has waived this issue on appeal. Alternatively, the State argues that even if there was no waiver, the remarks were not improper, and if they were improper, curative instructions rendered any error harmless.

> It is a longstanding rule in Georgia that in order to preserve the issue for appellate review after curative instructions are given the motion for mistrial must be renewed. If the trial court's curative instructions [are] not sufficient, defendant should [seek] additional relief. Failure to do so waives appellate review of the matter, including complaints about improper comments in closing argument.[5]

Here, during closing arguments, the State argued that

> [t]he possibility of mistaken identity is another thing that you can consider. Now, the defendant has the ability to subpoena witnesses and bring people into court to testify for you, [but] there's been no evidence presented that Mr. Cuevas was mistaken.

Garcia objected, stating that the Court had already instructed the jury that the defendant has no burden of proof and that the State was "standing here arguing that we have some burden." The Court told the jury that there was no burden on Garcia. When the State again argued to the jury that "there's been no evidence that [Garcia] was anywhere else on October 25th of 2000 other than in the home of Tony Cuevas," Garcia moved for a mistrial. The Court told the State not to make such argument and indicated that it would give curative instructions. Garcia's counsel stated that Garcia "continue[d] to present our request for a mistrial," but also asked the Court to poll the jury as to whether "it's going to impact their decision at this point." Although the Court did not grant a mistrial, it gave curative instructions and polled the jury, and all jurors responded that they understood the instructions. Garcia's counsel then asked for "[n]o further curative instructions," stating "we just preserve our previous objections."

Following the Court's curative instructions, the State apparently used a chart that had the words "lack of alibi" on the top. Although the State made no further argument regarding the lack of alibi, the chart was displayed in front of the jury during closing argument.

---

[5] (Punctuation and footnotes omitted.) *Wells v. State*, 243 Ga. App. 629, 631 (3) (534 SE2d 106) (2000).

Garcia again moved for a mistrial. The Court indicated that it would "go back through the same [curative instruction] process again," emphasizing that "there is no burden upon Mr. Garcia whatsoever," and stated that Garcia could renew his motion before his closing argument. The Court then gave further curative instructions and polled the jury again. At the end of the curative instructions and jury poll, the Court asked Garcia "subject to whatever position he's adopted to this point, which will be preserved for the record, to now go forward with . . . closing arguments." Garcia preserved his objections, but did not renew his motion for mistrial.

Pretermitting whether the State's conduct was improper, Garcia sought no additional relief following the last curative instructions. Accordingly, we find that he has waived this argument on appeal.[6] And even if we found no waiver, there is no basis for reversal. The strength of the eyewitness evidence against Garcia, coupled with the contemporaneous curative instructions, rendered any prosecutorial misconduct harmless.[7]

*Judgment affirmed. Adams and Bernes, JJ., concur.*

DECIDED FEBRUARY 25, 2005.

*Valpey & Parks, Leonard C. Parks, Jr.*, for appellant.

*Jason J. Deal, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.

---

[6] See id.

[7] See *Al-Amin v. State*, 278 Ga. 74, 85-86 (15) (597 SE2d 332) (2004). And although we acknowledge Garcia's frustration that the State's allegedly impermissible conduct was not limited to one comment, we note that Georgia does not follow a cumulative error rule of prejudice. See id. at 86 (16).