A05A0370. BURKE v. THE STATE.
(618 SE2d 36)

BARNES, Judge.

Thomas E. Burke appeals the trial court's denial of his "Extraordinary Motion for Correcting a Void Sentence." He contends the trial

---

court erred by denying his motion because a life sentence was not authorized for his rape conviction.[1] We disagree, and affirm.

The record shows that after Burke was convicted of rape, aggravated sodomy, aggravated assault, and false imprisonment, he appealed and this court affirmed his conviction in *Burke v. State*, 186 Ga. App. 335 (367 SE2d 118) (1988). He did not raise in his direct appeal the issue that he asserted in this motion. Id.

Some time after his conviction was affirmed, Burke filed an "Extraordinary Motion for Correcting a Void Sentence," contending that he was improperly sentenced to life in prison based on the law in existence at the time of the crimes. He alleges that former OCGA § 17-10-1 (a) (1) required that a determinate sentence, i.e., a specific term of years or months, be imposed in all cases other than those in which life imprisonment or the death penalty was mandatory. He contends that as neither life imprisonment nor the death penalty was mandatory for his convictions, under former OCGA § 17-10-1 (a) (1) no life sentence could be imposed because a life sentence is not a sentence for a specific term of years or months.

The trial court treated Burke's motion as a petition for habeas corpus, and denied his motion without conducting an evidentiary hearing. The court found "that a life sentence for the crime of rape, and a life sentence for the crime of aggravated sodomy, are authorized by Georgia law. Nothing in the Code sections nor in the cases cited by [Burke] say anything to the contrary." Burke appealed that decision to our Supreme Court, which granted Burke's application for a certificate of probable cause and remanded the case to the habeas court for an evidentiary hearing.

Upon remand, the court conducted a hearing and then again denied Burke's motion. The court ruled that the version of OCGA § 17-10-1 (a) (1) existing on the date the crimes were committed[2] did provide that "[e]xcept in cases in which life imprisonment or the death penalty must be imposed . . . the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years." Nevertheless, the court, relying on *Stovall v. State*, 216 Ga. App. 138, 141-142 (7) (453 SE2d 110) (1995), which upheld a life sentence for armed robbery against a similar challenge, and *First*

---

[1] Because Burke is actually contending that the sentence imposed upon him is not one authorized by law, he is entitled to bring this direct appeal from the trial court's denial of his motion. *Williams v. State*, 271 Ga. 686, 689 (523 SE2d 857) (1999); *Crumbley v. State*, 261 Ga. 610, 611 (1) (409 SE2d 517) (1991). Compare *Jones v. State*, 278 Ga. 669, 670-671 (604 SE2d 483) (2004).

[2] OCGA § 17-10-1 (a) (1) was amended in 1993 to state, "Except in cases in which life imprisonment, life without parole, or the death penalty *may be* imposed . . . the judge fixing the sentence shall prescribe a determinate sentence for a specific number of months or years." (Emphasis supplied.)

*Nat. Bank of Atlanta v. Sinkler,* 170 Ga. App. 668, 670 (1) (317 SE2d 897) (1984) (a specific statute prevails over a general statute, absent any indication of a contrary legislative intent), found that Burke was not entitled to relief. Because a life sentence was authorized by OCGA § 16-6-1 (b) (one convicted of rape could be punished by death or imprisonment for life, or by imprisonment for not less than one nor more than twenty years), and the more specific statute controlled over the statute of general applicability, Burke's sentence was not void.

Burke appealed that decision to the Supreme Court, but that court found that Burke's appeal was from an order of the trial court denying his motion to set aside an allegedly void sentence in a nonmurder case, and transferred the appeal to this court for disposition.

1. First, contrary to Burke's arguments, *Apprendi v. New Jersey,* 530 U. S. 466 (120 SC 2348, 147 LE2d 435) (2000), has no application to this appeal. *Apprendi* requires that facts used to increase punishment beyond the usual maximum punishment be found by a jury. Id. at 490. Here the sentence imposed was within the maximum established in OCGA § 16-6-1. Hence, *Apprendi* is inapplicable. Burke's motion to file a supplemental brief expounding on this issue is denied.

2. In considering Burke's argument, we are not limited to the language of OCGA § 17-10-1 (a) then existing. Instead,

> statutes are presumed to be enacted by the General Assembly with full knowledge of the existing condition of the law and with reference to it, and are therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and their meaning and effect is to be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and decisions of the courts.

(Citation and punctuation omitted.) *Peachtree-Cain Co. v. McBee,* 254 Ga. 91, 93 (327 SE2d 188) (1985). Thus, in addressing the scope of former OCGA § 17-10-1 (a) (1), we must recognize that OCGA § 16-6-1 (b), also in effect at that time, authorized the imposition of the death penalty, a sentence of life imprisonment, or a sentence from one to twenty years for rape. Additionally, we must also note, as did the trial court, that OCGA § 17-10-1 (a) (1) is a general sentencing statute while OCGA § 16-6-1 (b) establishes the range of sentences authorized specifically for the crime of rape. Consequently, as the specific statute prevails over the general statute, absent any indication of a contrary legislative intent, *Stovall v. State,* supra, 216 Ga. App. at 140-142, the life sentence imposed upon Burke was a lawful sentence.

*Echols v. Thomas*, 265 Ga. 474, 476 (458 SE2d 100) (1995) (life sentence authorized for armed robbery notwithstanding language of OCGA § 17-10-1 (a) (1)). Accordingly, the trial court did not err by denying Burke's motion to correct a void sentence.

*Judgment affirmed. Ruffin, C. J., and Johnson, P. J., concur.*

DECIDED JUNE 22, 2005 —
RECONSIDERATION DENIED JULY 14, 2005 — 

Thomas E. Burke, *pro se.*
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney*, for appellee.