## A05A1998. WALLACE v. THE STATE.
### (626 SE2d 229)

SMITH, Presiding Judge.

Emmanuel Wallace was convicted by a jury on two counts of sale of marijuana, one count of armed robbery, and one count of possession of a knife during the commission of a felony. Following the denial of his motion for new trial, Wallace appeals, challenging the sufficiency of the evidence and portions of the trial court's charge. We find no reversible error, and we affirm.

1. We first address Wallace's contention that the evidence was insufficient to convict him of armed robbery and possession of a knife during the commission of a felony. He argues that the State failed to prove that he used a knife during the robbery. Construed in favor of the verdict, evidence was presented that Gwinnett County Police Department Investigator David Borgan made two controlled marijuana buys from Wallace during the summer of 1998. They arranged for a third sale, to take place on November 5, 1998. After Borgan arrived at the designated location for the transaction, he observed Wallace's vehicle arrive, carrying Wallace and two other men. Wallace exited the vehicle, retrieved a small box from the rear of the car, and began walking toward Borgan's vehicle. At that time, Borgan heard the other car "start back up."

Wallace entered Borgan's vehicle and tossed the box to Borgan. Borgan testified that he "picked up the box" and "realized that it was empty, and by the time I could do anything, that's when the knife was up to my throat." Borgan saw the blade of the knife and part of the handle. He described it as "a lock-blade knife" having a handle made of brass and wood. He believed the length of the blade was three inches or more. Holding the knife against Borgan, Wallace demanded money from him. Borgan told him where to find the money, and Wallace took it and Borgan's keys from the vehicle. As Wallace left the car, Borgan retrieved his own gun and yelled, "Police. Stop. Don't move. Stop. Police." Wallace jumped into his own car, and the vehicle left the scene. Wallace was apprehended a short time later.

Wallace argues that the evidence is insufficient to show that he used a knife, pointing out that a knife is not visible on the videotape taken by the police during the robbery, the knife was never found, and no cuts were found on Borgan. But as pointed out by the State, the videotape was made at night, and the knife was hidden from view

until the robbery began. And "Borgan had an opportunity to see the knife as it was brought to his throat and he recognized it to be a Buck lock blade folding pocket knife."

> On appeal, we view the evidence in the light most favorable to the verdict and [the appellant] no longer enjoys the presumption of innocence. We neither weigh the evidence nor judge the credibility of the witnesses, but only determine if the evidence is sufficient to sustain the convictions. [Cit.] OCGA § 24-4-8 provides that the testimony of a single witness is generally sufficient to establish a fact. The only exception in a felony case is when the single witness is an accomplice, which is not applicable to the present case. [Cit.]

*Lovelace v. State*, 269 Ga. App. 272, 273 (1) (603 SE2d 784) (2004). Borgan's testimony amply supported the jury's verdict.

2. Wallace argues that the trial court erred in not giving his requested charge concerning bare suspicion. But the transcript in this case shows that "the trial court gave a full and complete charge on reasonable doubt[ and] the presumption of innocence." *Morrison v. State*, 220 Ga. App. 151, 154-155 (3) (b) (469 SE2d 686) (1996). Because "these charges cover the principles of law in the requested charges, there was no error. A trial court is not required to instruct the jury in the exact language of a requested charge, and when the principle of law is covered in another charge that is sufficient." (Citations omitted.) Id. at 155 (3) (b).

3. In his final enumeration, Wallace contends that the trial court gave an incorrect instruction on armed robbery. The court charged the jury that a person commits armed robbery when he or she takes another's property "from the person or the immediate presence of another by use of an offensive weapon or by any replica, article, or device having an appearance of such a weapon." The indictment charged Wallace with committing armed robbery "by use of an offensive weapon, to wit: a knife."

Wallace correctly cites the general rule "that where a code section defines a crime in two ways, but the indictment charges that it was committed in one way, the trial court should only instruct the jury on the method set forth by the indictment." See, e.g., *Griffin v. State*, 214 Ga. App. 813, 815 (2) (449 SE2d 341) (1994). However, the giving of an entire Code section in a case such as this is not necessarily cause for reversal, if the jury was not misled into convicting a defendant of an uncharged crime. *Daniels v. State*, 207 Ga. App. 689, 690-691 (2) (428 SE2d 820) (1993). The trial court instructed the jury that it was authorized to return a guilty verdict only if it believed beyond a reasonable doubt that Wallace committed armed robbery "as alleged

in the indictment." "[A]nd although the court did not read directly from the indictment in the course of charging the jury, the indictment went out with the jury during its deliberations." Id. The evidence in this case was undisputed that Wallace used a knife during the commission of the robbery. Considering the trial court's entire charge, along with the evidence presented at trial, the jury could not have been misled into convicting Wallace of any crime other than the crime alleged in the indictment. See id.

*Judgment affirmed. Ellington and Adams, JJ., concur.*

DECIDED JANUARY 19, 2006.

*Scott A. Drake,* for appellant.
*Daniel J. Porter, District Attorney, Dan W. Mayfield, Assistant District Attorney,* for appellee.