## A06A1163. ROBINSON v. THE STATE.
(635 SE2d 380)

MILLER, Judge.

Following a jury trial, Turrance Robinson was convicted of two counts of armed robbery. The jury found Robinson not guilty of two additional counts of armed robbery and were deadlocked on a final count, causing the judge to declare a mistrial as to that count. Immediately thereafter, Robinson was convicted at a bench trial of possession of a firearm by a convicted felon.

Robinson appeals from the denial of his motion for new trial, challenging the sufficiency of the evidence and contending that the trial court erred in (i) admitting testimony related to an "impermissibly suggestive" lineup identification; (ii) initially denying his motion to receive funds to hire an expert witness to testify regarding eyewitness identification; (iii) failing to timely grant a mistrial; (iv) denying his motion for a continuance prior to the preparation of the transcript of voir dire; and (v) not granting a new trial because of an

alleged misrepresentation by one of the jurors during voir dire. Robinson also claims ineffective assistance based on his trial counsel's failure to (i) file a motion to suppress testimony regarding the live lineup identification; (ii) request a continuance once the expert witness regarding eyewitness identification was obtained; and (iii) request that voir dire be transcribed. We discern no error and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that an armed robbery took place at Saleem's Fashions in Macon in January 1999. The perpetrator initially posed as a customer, allowing the store's proprietor to help him pick out some clothes. As his selections were being rung up, the perpetrator pulled out a gun and demanded the money contained in the cash register. After receiving the money, the perpetrator fled the scene.

One week later, an armed robbery took place at Red Wing Shoes in Macon. The perpetrator again posed as a customer, asking the salesman to retrieve shoes for him. When the salesman returned with the shoes, the perpetrator pulled out a gun and demanded cash. After receiving the money, the perpetrator again fled the scene.

In August 1999, the Macon Police Department was conducting surveillance of a Family Dollar store that had been the site of similar armed robberies in November 1998, February 1999, and June 1999. The surveillance was conducted on a Monday morning, since each of the armed robberies at the Family Dollar, as well as the armed robberies at Saleem's Fashions and Red Wing Shoes, occurred on a Monday. The officers noticed Robinson drive his car past the store several times before leaving the parking lot. Robinson then returned on foot and walked by the store several more times. The officers identified themselves, and Robinson ran from them. When the officers apprehended Robinson, they found a .32 caliber revolver in his front pocket.

Following Robinson's arrest, Macon police conducted a live lineup in which Robinson appeared with six decoys who were not suspects in the armed robberies. At the lineup, Robinson was separately identified by the proprietor of Saleem's Fashions and the salesman from Red Wing Shoes as the perpetrator of the armed robberies in those stores in January 1999.

The jury found Robinson guilty of robbing Saleem's Fashions and Red Wing Shoes in January 1999, found him not guilty of robbing the Family Dollar in November 1998 and June 1999, but deadlocked as to the February 1999 robbery there. Robinson waived his right to a jury trial as to the charge of possession of a firearm by a convicted felon, and he was found guilty of that charge by the trial judge.

1. Robinson contends that the evidence was insufficient to sustain his convictions. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979).

Here, the jury heard the testimony of the victims of the armed robberies at Saleem's Fashions and Red Wing Shoes, both of whom identified Robinson as the perpetrator, and of the police officers who apprehended Robinson in possession of the .32 caliber revolver. Based on this evidence, a rational trier of fact could have found Robinson guilty of the crimes charged beyond a reasonable doubt. See OCGA §§ 16-8-41 (a) and 16-11-131.

2. Robinson alleges that the court erred in admitting testimony regarding his live lineup identification, because the lineup was impermissibly suggestive. We disagree.

> We use a two-part test in determining whether evidence of pre-trial identification should be excluded: The threshold inquiry is whether the identification procedure was impermissibly suggestive. Only if it was need the court consider the second question: whether there was a very substantial likelihood of irreparable misidentification.

(Punctuation and footnote omitted.) *Karim v. State*, 244 Ga. App. 282, 283 (2) (535 SE2d 296) (2000). We uphold the trial court's findings regarding the admissibility of pre-trial identification evidence unless such findings were clearly erroneous. Id. at 284 (2).

Although a photograph taken of the live lineup shows Robinson as the only participant holding up his identification number and smiling so as to show his gold teeth, the officers who administered the lineup testified that the photograph was taken outside the lineup room after the witnesses separately identified Robinson. The purpose of the photograph was not to duplicate how the participants behaved during the live lineup, but to demonstrate that the decoy participants were generally of similar appearance to Robinson. The only testimony regarding Robinson's behavior during the live lineup indicated that he was not showing his gold teeth and that all of the participants held their numbers in the same place while the victims separately selected Robinson as the perpetrator.

The officers also testified that they used no suggestive techniques during the lineup. Since evidence supported the trial court's conclusion that the live lineup was not impermissibly suggestive, we

need not consider whether there was a very substantial likelihood of irreparable misidentification, and the trial court did not clearly err in admitting evidence of the lineup during trial.

3. Robinson claims that the trial court abused its discretion by failing to timely provide him with funds to hire an expert witness to testify regarding eyewitness identification. Again, we disagree.

> A motion on behalf of an indigent criminal defendant for funds with which to obtain the services of a scientific expert should disclose to the trial court, with a reasonable degree of precision, why certain evidence is critical, what type of scientific testimony is needed, what that expert proposes to do regarding the evidence, and the anticipated costs for services. Lacking this information, a trial court will find it difficult to assess the need for assistance.

*Roseboro v. State*, 258 Ga. 39, 41 (3) (d) (365 SE2d 115) (1988).

Here, although Robinson challenges the timeliness of his receipt of funds to hire an expert witness, he fails to introduce evidence to establish when the funds were received or how the timing of such receipt prejudiced his defense. Instead, the evidence shows that Robinson's expert witness reviewed Robinson's case a full month before trial and sent Robinson's counsel a list of eight areas in which he could testify to demonstrate weaknesses in the State's identification evidence. Robinson's expert did, in fact, testify at trial as to such alleged weaknesses, and such weaknesses were apparently rejected by the jury.

Although Robinson's expert did not conduct an empirical study to analyze the photograph taken following the live lineup, the evidence did not show that such failure was a result of the timing of the receipt of funds to hire him. Instead, the expert testified at trial that he could not have conducted an empirical study with the photograph at issue because of Robinson's own behavior in holding up his identification number and smiling in the picture. As a result, there is no evidence that Robinson was prejudiced as a result of the timing of his receipt of funds to hire an expert witness, and we find no abuse of the trial court's discretion. See *Burke v. State*, 186 Ga. App. 335, 336 (2) (367 SE2d 118) (1988).

4. Robinson alleges that the trial court erred by failing to timely grant a mistrial. However, it is within the discretion of the trial court "to determine whether a jury is 'hopelessly deadlocked,' thus necessitating a mistrial. The decisive factor is not the length of the deliberation, but the inability of the jury to agree on a verdict." (Footnotes omitted.) *Ramos v. State*, 252 Ga. App. 106, 108 (2) (555 SE2d 779) (2001).

After the jury indicated that they were not making progress, the trial court administered an *Allen* charge. See *Ramos*, supra, 252 Ga. App. at 108 (2) (providing that whether and when to administer an *Allen* charge is within the discretion of the trial court). Immediately following the *Allen* charge, Robinson moved for a mistrial on any counts the jury was still considering. Less than an hour later, after receiving a note from the jury that it was hopelessly deadlocked on one count, the trial court declared a mistrial as to that count.

It is within the discretion of the trial court, not the jury, to determine when the jury is hopelessly deadlocked so as to require a mistrial. *Romine v. State*, 256 Ga. 521, 525 (1) (b) (350 SE2d 446) (1986). Therefore, the trial court did not err when it initially denied Robinson's motion for a mistrial.

5. Robinson also claims that the trial court erred by not granting a new trial following an alleged misrepresentation by one of the jurors during voir dire and by denying his motion for a continuance prior to the preparation of the transcript of voir dire. We disagree.

During voir dire, the jurors were asked if they knew Robinson personally, and none of the jurors responded affirmatively. Robinson claims that one of the jurors knew him because he had previously been incarcerated with the juror's son and that the juror unlawfully concealed her bias against him during voir dire. On October 1, 2003, Robinson requested a continuance for his motion for new trial until the transcript of voir dire could be prepared. The trial court denied the request and conducted a hearing on October 7, 2003.

At the hearing on Robinson's motion for new trial, the juror maintained that she did not know Robinson. Following the hearing, the trial court ordered the preparation of the transcript of voir dire and allowed Robinson to amend his motion for new trial based on his review of the transcript.

After the transcript of voir dire was prepared, Robinson filed an amended motion for new trial. Although a transcript of the hearing for Robinson's amended motion is not included in the record, Robinson asserts that at such hearing, the juror continued to claim that she did not know Robinson; the juror's son maintained that his mother did not know Robinson; and Robinson admitted that he did not recognize the juror during the trial.

The presence of juror misconduct is a question of fact for the trial judge, and barring an abuse of discretion, will not be disturbed on appeal. *Goldsby v. State*, 273 Ga. App. 523, 533 (9) (615 SE2d 592) (2005). The trial court did not abuse its discretion in accepting the juror's testimony that she did not know Robinson or have any bias against him. Moreover, since the trial court conducted a second hearing following the preparation of the transcript of voir dire,

Robinson was not harmed by the trial court's denial of his motion to continue the first hearing. See *Roberts v. State*, 272 Ga. 822, 824 (2) (537 SE2d 86) (2000).

6. Robinson also claims ineffective assistance based on his trial counsel's failure to (i) file a motion to suppress testimony regarding the live lineup identification; (ii) request a continuance after the expert witness on eyewitness identification was obtained; and (iii) request that voir dire be transcribed. To prove ineffective assistance, however, Robinson was required to show that counsel's performance was deficient and that this deficient performance prejudiced his defense. *Ellison v. State*, 242 Ga. App. 636, 638 (7) (530 SE2d 524) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). In light of our dispositions of Divisions 2, 3, and 5, supra, Robinson has failed to establish ineffective assistance. See *Wright v. State*, 265 Ga. App. 855, 856 (1) (a) (595 SE2d 664) (2004); *Render v. State*, 240 Ga. App. 762, 763 (b) (525 SE2d 134) (1999).

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 11, 2006.

*Veronica E. Brinson*, for appellant.
*Howard Z. Simms, District Attorney, Dorothy V. Hull, Assistant District Attorney*, for appellee.