A07A2241. RUSSELL v. THE STATE.
(654 SE2d 185)

RUFFIN, Judge.

A jury found Melvin Julius Russell guilty of robbery by sudden snatching. Russell appeals, challenging the sufficiency of the evidence. He also argues that the trial court erred in admitting pretrial identification evidence. For reasons that follow, we affirm.

1. In reviewing Russell's challenge to the sufficiency of the evidence, we construe the evidence in a light favorable to the jury's verdict.[1] We do not weigh the evidence or resolve issues of witness credibility, but merely determine whether the evidence was sufficient to find Russell guilty beyond a reasonable doubt.[2]

So viewed, the evidence shows that Melissa Voynich and Amy Paige were walking home from a bar during the early morning hours of October 22, 2005, when a man greeted them from a passing car, then reversed direction and stopped next to them. As the women continued walking, the driver of the vehicle approached them from behind and grabbed Voynich's purse. Following a brief struggle, the purse strap broke, and the man drove away with the purse. Voynich wrote down the tag number of the car, which she provided to police, along with a description of the vehicle.

Based on the license tag information, the investigating detective located the car a few days later. At that time, he saw Russell driving the car, and he learned that Russell often used it. The detective subsequently assembled a photographic lineup that included Russell's picture to show Voynich and Paige.

Voynich, who testified that she did not get "a good look" at the robber, could not positively identify anyone, but indicated that the robber's ear and neck structure was similar to Russell and another individual depicted in the lineup. Paige, however, immediately identified Russell as the robber from the photographic lineup, and she also

---

[1] See *Robinson v. State*, 281 Ga. App. 76, 78 (1) (635 SE2d 380) (2006).
[2] See id.

identified him at trial. In addition, the State offered evidence that Russell pleaded guilty in 1997 to two separate incidents of robbery by sudden snatching of a purse.

Given the evidence presented, including the testimony detailing the manner in which the crime occurred, Paige's identification of Russell, and the fact that the investigating detective saw Russell driving the car used in the robbery, the jury was authorized to find him guilty beyond a reasonable doubt of robbery by sudden snatching.[3] Russell's challenge to the sufficiency of the evidence, therefore, lacks merit.[4]

2. Russell also argues that the photographic lineup shown Voynich and Paige was impermissibly suggestive, requiring exclusion of the identification testimony. In moving to exclude the identification evidence below, Russell asserted that his photo is positioned in the middle of the array, drawing attention to it; he is closer to the camera than the other individuals pictured in the array, making him appear larger; and all of the photographs have different backgrounds. The trial court reviewed the array and overruled Russell's objection.

On appeal, we will reverse a conviction based on a pretrial photo identification "if the photographic lineup was so impermissibly suggestive that there exists a very substantial likelihood of irreparable misidentification."[5] An identification procedure is impermissibly suggestive only if "it leads the witness to an all but inevitable identification of the defendant as the perpetrator, or is the equivalent of the authorities telling the witness, 'This is our suspect.' "[6] We need not consider the issue of irreparable misidentification unless the array is impermissibly suggestive.[7]

The photographic array in this case contains pictures of six men displayed in two rows of three. Russell's picture is in the middle of the top row. All of the photographs depict men of the same race and general age range with similar hairstyles and facial hair. With the exception of one individual, all have the same basic skin tone as Russell. Moreover, although some of the individuals appear to have been standing farther away from the camera than Russell, the head shots in several of the pictures are similar to that of Russell.

Despite the differences highlighted by Russell, his picture is similar in many respects to the other pictures. Russell's orientation to the camera is the same as several other photographs in the lineup,

---

[3] See id.; *Garcia v. State*, 271 Ga. App. 794, 795 (1) (611 SE2d 92) (2005); OCGA § 16-8-40 (a) (3).

[4] See *Robinson*, supra; *Garcia*, supra.

[5] *Watley v. State*, 281 Ga. App. 244, 245 (1) (635 SE2d 857) (2006).

[6] Id.

[7] See id.

and all of the pictures have slightly different backgrounds, creating no impermissible suggestion. Moreover, "it cannot be assumed that the position of [Russell's] photograph in the array gave the picture greater prominence."[8] We agree with the trial court that the makeup of the array did not lead inevitably to Russell's identification.[9] Accordingly, the lineup was not impermissibly suggestive, and the trial court properly admitted the pretrial identification evidence.[10]

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED NOVEMBER 9, 2007.

*Power & Cooper, Tamika L. Fluker,* for appellant.
*Howard Z. Simms, District Attorney, Gregory W. Winters, Assistant District Attorney,* for appellee.

---

[8] *Daniels v. State,* 207 Ga. App. 689, 692 (4) (428 SE2d 820) (1993).

[9] See *Humphrey v. State,* 281 Ga. 596, 597 (1) (642 SE2d 23) (2007) ("The fact that the accused may be of a different race or ethnicity does not in and of itself make the identification procedure impermissibly suggestive, especially when there are other individuals in the [lineup] having roughly the same characteristics and features as the accused."); *Williams v. State,* 275 Ga. 622, 623 (2) (571 SE2d 385) (2002) ("The slight differences in Appellant's facial hair, the hair on his head, and the darkness of the background did not cause the photographic lineup to be impermissibly suggestive."); *Willis v. State,* 261 Ga. App. 464, 465-466 (582 SE2d 573) (2003) ("The slight differences in [the defendant's] dress and photographic angle did not cause the photo lineup procedures to be impermissibly suggestive."); *Thompson v. State,* 240 Ga. App. 26, 31-32 (7) (521 SE2d 876) (1999) (although the pictures of the defendant and one other individual in the lineup were slightly smaller than the other pictures, and not all of the men in the lineup had facial hair, photo array was not impermissibly suggestive).

[10] See *Williams,* supra; *Watley,* supra at 245-246; *Standfill v. State,* 267 Ga. App. 612, 615-616 (2) (600 SE2d 695) (2004).