A12A0177. STUBBS v. THE STATE.
A12A0708, A12A0709. HASKELL v. THE STATE (two cases).
(727 SE2d 229)

ANDREWS, Judge.

On appeal in Case Number A12A0177 from his conviction for armed robbery, aggravated assault, and possession of a firearm during the commission of a crime, Derrick Stubbs argues that the trial court erred when it denied his motion for mistrial concerning threats made to a witness. On appeal in Case Numbers A12A0708 and A12A0709 from his conviction arising from the same events, Torrence Haskell argues that trial counsel was ineffective when she failed to object to the State's argument that no person in the circuit had ever been convicted and later proven innocent. We affirm in all three cases.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that on the early morning of July 21, 2008, Stubbs and three other people drove to a Sprint convenience store in Thomson. While Patterson and Dickerson waited outside, Stubbs and Haskell ran into the store, where two clerks were working. One of the men had a gun. The armed man jumped over the counter, demanded that the registers be opened, and took cash from both registers. One of the clerks was told to get on the ground and was struck on the head; the other was ordered from the outside of the store, where she had been cleaning, back inside at gunpoint. The robbers also took cartons of Newport cigarettes. Both clerks identi-

fied Stubbs and Haskell as their assailants. A store customer witnessed the robbery. Stubbs paid Dickerson $100 from the proceeds of this robbery.

Two days later, the same group of men robbed a Circle K convenience store in Thomson. A clerk identified Stubbs and Haskell as the men who entered the store with a gun, announced a robbery, and took money and travelers checks from three customers, as well as Newport cigarettes from the stock. A fourth customer was held up as well, but he had no money in his possession. Stubbs paid Dickerson $75 from the proceeds of this robbery.

Stubbs and Haskell were both charged with two counts of armed robbery, one count of aggravated assault, and three counts of possession of a firearm concerning the Sprint robbery. Haskell was also charged with four counts of armed robbery, one count of attempted armed robbery, and five counts of possession of a firearm concerning the Circle K robbery. A jury found both men guilty on all counts.

### Case No. A12A0177

1. The evidence outlined above sufficed to sustain Stubbs's conviction. See OCGA §§ 16-8-41 (defining armed robbery), 16-5-21 (defining aggravated assault), 16-11-106 (defining possession of a firearm during the commission of a felony); *Jackson.*

2. The record shows that when the State asked one of its own witnesses whether she had "been threatened in any way," the witness responded: "No, I don't feel like I have been threatened in any way. But anytime a threat has been made and it's towards me and my family member[s], yes, I feel threatened." After Stubbs's counsel objected, the jury was excused. Stubbs and Haskell both moved for a mistrial.

After an extended discussion, Stubbs requested a curative instruction. The trial court offered to instruct the jury that any testimony concerning threats made by the defendants would be admitted solely for impeachment purposes. Stubbs's counsel responded: "That's good." The trial court then instructed the jury as follows concerning the State's line of questioning:

> [T]he District Attorney . . . sought to get into that [subject] by asking this witness if she felt threatened in any way. Now, he did not mean to infer and you are not to consider that the defendants in this case made any threats, authorized any threats, directed any threats, or anything like that. Any evidence of that nature would be solely and limited [sic] to

> explaining why this witness may have given a statement earlier different than what she's testifying to today. So you are to consider that evidence only for that purpose and no other purpose. Does everyone understand? Is there anyone who feels they cannot do that? If so, would you please raise your hands?

No juror responded, neither Stubbs nor Haskell objected, and the examination of the witness went forward.

> It is a longstanding rule in Georgia that in order to preserve the issue for appellate review after curative instructions are given the motion for mistrial must be renewed. If the trial court's curative instructions are not sufficient, defendant should seek additional relief. Failure to do so waives appellate review of the matter, including complaints about improper comments in closing argument.

(Punctuation omitted.) *Garcia v. State*, 271 Ga. App. 794, 796 (2) (611 SE2d 92) (2005). Stubbs approved the curative instruction in substance before it was given and did not object afterward. It follows that no error concerning the subject of the instruction — that is, the import of any testimony concerning threats — has been presented for our review. Id. at 797 (2).

### Case Nos. A12A0708 and A12A0709

3. The evidence outlined above also sufficed to sustain Haskell's conviction. See OCGA §§ 16-8-41 (defining armed robbery), 16-5-21 (defining aggravated assault), 16-11-106 (defining possession of a firearm during the commission of a felony), 16-4-6 (b) (defining attempt to commit a felony); *McKinney v. State*, 274 Ga. App. 32, 38 (3) (619 SE2d 299) (2005) (possession of firearm charge did not merge with attempted armed robbery charge because possession of a firearm is defined as a distinct crime under OCGA § 16-11-106); *Jackson.*

4. Haskell's sole argument on appeal is that counsel was ineffective when she failed to object to a portion of the prosecutor's closing argument. We disagree.

To show ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Suggs v. State*, 272 Ga. 85, 87-88 (4) (526 SE2d 347) (2000), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). The question of ineffective-

ness is a mixed one of both law and fact: "we accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts." *Suggs*, 272 Ga. at 88 (4).

The record shows that in the course of closing argument, counsel mentioned that some convictions based on positive identifications have later been found to have been invalid on the basis of physical evidence such that "we find out ten or twenty years later, wrong person, we identified the wrong person." In his own closing, the prosecutor said the following:

> [Defense counsel] mentioned about folks that had been wrongly convicted and later released. Folks, I'm proud to tell you that that's never happened — as far as anybody wrongfully convicted and released because of newfound evidence, that has never happened in the history of this circuit. But it sure makes a good story, doesn't it?

At the hearing on the motion for new trial, counsel testified that she chose not to object to or move for a mistrial concerning the prosecutor's remarks because the prosecutor was responding on a subject she herself had introduced, because she believed the prosecutor's remark to be true, because it concerned argument rather than evidence, and because she did not think that an objection or a motion for mistrial would have helped her client under the circumstances.

As the trial court held when it denied the motion for new trial,

> [w]hen no timely objection is interposed, the test for reversible error is not simply whether or not the argument is objectionable, or even if it might have contributed to the verdict; the test is whether the improper argument in reasonable probability changed the result of the trial.

*Todd v. State*, 261 Ga. 766, 767 (2) (410 SE2d 725) (1991). In the context of a claim for ineffective assistance, then, a defendant would be required to show a reasonable probability that a trial court would have granted a motion for mistrial concerning the argument at issue.

Even assuming that the prosecutor "should not have compared [this] defendant to others in his experience," the subject of wrongful convictions in other cases "was brought up by the defendant." *Todd*, 261 Ga. at 769 (3). Like the Supreme Court of Georgia in *Todd*, then, "[w]e do not think the jury was impressed either way by this colloquy, and find any error harmless." Id. It follows that the trial court would

not have abused its discretion in denying a motion for mistrial had one been made and did not err when it credited counsel's defense of her decision not to object as strategic. See *Raymond v. State*, 298 Ga. App. 549, 550-551 (1) (a) (680 SE2d 598) (2009) (failure to object to portion of State's opening argument was strategically justified and could not amount to ineffective assistance); *Fennell v. State*, 271 Ga. App. 797, 802-803 (6) (g) (611 SE2d 96) (2005).

*Judgments affirmed. Doyle, P. J., and Boggs, J., concur.*

DECIDED APRIL 11, 2012.

*Edgar A. Callaway, Jr.*, for Stubbs.
*Charles A. Jones, Jr.*, for Haskell.
*Dennis C. Sanders, District Attorney, Durwood R. Davis, Kevin R. Majeska, Assistant District Attorneys*, for appellee.