23930. WALLACE *v.* THE STATE.

DECIDED MARCH 30, 1934.

*Willis Smith,* for plaintiff in error.

*Emmett Smith, solicitor,* contra.

MACINTYRE, J. The accused was convicted of criminal trespass, for that he "did unlawfully and wilfully enter, go upon, and pass over a certain field and inclosed pasture, to the possession of which, for the time being, the said W. Leon Muse was entitled, said field and cultivated land and inclosed pasture being situated in the 729th district, G. M., of Carroll county, Georgia, about two miles northwest of Cross Plains, and being the place where the said W. Leon Muse then and now resides, after being personally forbidden so to do by the said W. Leon Muse, the person entitled to the possession for the time being of said field and cultivated land and inclosed pasture."

The evidence for the State was to the effect that the defendant and another young man with a sling-shot were on a path or road in a pine thicket on the premises of the prosecutor, said road leading from one field to another. The prosecutor had a fish-pond nearby in an inclosed pasture. The prosecutor asked the defendant not to be trespassing upon his place, and told him he did not want him hunting or fishing or doing anything on his place. Thereupon the defendant began cursing and told the prosecutor he would get off that ———————— place when he got ready. The defendant could have gotten off the place by going back on the same road, or he could have traveled this same road in the direction in which he was going, and if he had continued to travel in the direction he was going in this road it would have led him straight off the prosecutor's property. The defendant went about one hundred yards, turned to the left, went across a field, crossed the pasture fence and into the inclosed pasture to a fish-pond, where he stayed a few minutes, then went up a hill which was in said pasture. The prosecutor went down to the pond and asked the defendant if he was going to get off. Defendant brought out an oath and said,

"You heard what I said down yonder, didn't you?" The prosecutor told him "Yes," and he said, "I mean every word of it." Thereupon the prosecutor went off and obtained a warrant for him.

The defendant introduced no witnesses and made the following statement: "Well, me and this boy went down the branch from my brother's—I had been staying down there with my brother—and we went around up the branch shooting our flips. So we came back across Mr. Muse's pasture and he ordered me off, and I went on back and got over there on the hill, and he told me to get off when I got ready, and I told him all right. So me and this boy went on up to his father's there, Mr. McDowell. That is all I know about it."

The jury had the right to determine from the evidence that the defendant was not trying to depart from the prosecutor's place (after being requested so to do) in the usual and proper way; that is, that the defendant not only deliberately and wilfully, but malevolently and in defiance of the prosecutor, left the road in which he was traveling and went into and across the inclosed pasture, after he had been forbidden to trespass upon the place. The evidence amply authorized the verdict. *Horsely* v. *State*, 16 *Ga. App.* 136 (84 S. E. 600).

There is no merit in grounds 1, 2, and 3 of the amendment to the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*