## 44004. GASAWAY v. THE STATE.

EBERHARDT, Judge. The defendant was prosecuted and convicted under two accusations for the offense of trespass. He appeals from the judgment on the verdict and enumerates as error the judgment overruling his amended motion for

new trial, and in particular two of the grounds of the amended motion. *Held:*

1. The evidence clearly authorizes a finding that on prior occasions the owner of a skating rink had forbidden the defendant to come on the premises, giving as his reason that the defendant, accompanied by others, several times had come in a drunken condition and created disturbances at the place, and that the nature of his business was such that his customers were for the most part young children. There is no merit in the general grounds. *Code Ann.* § 26-3002; *Wallace v. State,* 49 Ga. App. 19 (174 SE 198).

2, 3. When asked why defendant had been forbidden to come on the premises the prosecutor (and later, his wife) answered that "He had a lot of trouble out there and he was always coming out there fighting," and that defendant had been drunk when he came out there. Defendant objected on the grounds that it was "going into something outside the place here," was going "into deep detail—details prior to this case," and that it was prejudicial, and moved for a mistrial.

Assuming, but not deciding, that these objections were sufficient to invoke a ruling as to the admissibility of the evidence, we find no merit in them. The evidence elicited was to explain the prosecutor's conduct in forbidding the defendant access to the premises. Moreover, when the witnesses were on cross examination the defendant brought out substantially the same evidence by his questioning, and hence no reversible error appears. *Savannah Electric Co. v. Crawford,* 130 Ga. 421 (4) (60 SE 1056); *Gaddy v. State,* 96 Ga. App. 344 (2) (99 SE2d 837); *American Family Life Ins. Co. v. Glenn,* 109 Ga. App. 122 (2) (135 SE2d 442). Since no harmful error appears in admitting the evidence the motion for mistrial was properly denied.

*Judgment affirmed. Felton, C. J., and Whitman, J., concur.* SUBMITTED OCTOBER 7, 1968—DECIDED FEBRUARY 13, 1969.

*James E. Weldon,* for appellant.
*Wilson P. Darden, Solicitor,* for appellee.