A07A1767. TATE v. THE STATE.

(657 SE2d 531)

MILLER, Judge.

A jury convicted Robert Tate of interference with government property and obstruction of a law enforcement officer, OCGA §§ 16-7-24 and 16-10-24 (a), respectively. He appeals from the denial of his motion for new trial, contending that the trial court erred in admitting evidence of a prior conviction more than ten years old for the purpose of impeachment under OCGA § 24-9-84.1 (b). Discerning no error, we affirm.

A trial court may exclude relevant evidence " 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.' " *Hicks v. State,* 256 Ga. 715, 720-721 (13) (352 SE2d 762) (1987). Such considerations are reviewed for abuse of discretion. Id. at 721.

The record shows that at approximately 2:00 a.m., on August 14, 2004, a Walton County patrol officer was dispatched to the residence of Tate's estranged wife. She had called the police when Tate refused to leave her home. When a records check at the scene revealed that a warrant for Tate's arrest was outstanding, the officer handcuffed Tate and started walking him toward his patrol car. Initially, Tate moved willingly, but when his wife came out of the residence, he became enraged, requiring the officer to place him in his vehicle by force. Once in the vehicle, Tate shouted at his wife, began screaming, and eventually kicked out the rear side window of the patrol car. The officer then pepper sprayed Tate and called for backup. Tate calmed

down after being pepper sprayed a second time, and upon the arrival of two additional officers, he was transported to the police station and booked.

At trial, Tate testified on direct that he had kicked out the window of the patrol car as a result of his inability to breathe after being pepper sprayed and that he had previously been convicted of interference with government property for damaging a light switch in his jail cell ten to twenty years earlier. On cross-examination, however, Tate denied that such conviction stemmed from an incident in which he kicked and damaged a metal bed and partition in his jail cell. To impeach Tate's testimony, the State introduced a certified copy of his 1993 conviction for interfering with government property to such effect, entered upon his guilty plea, and for which he was sentenced to one year's confinement to be served on probation.

Tate challenges the admissibility of evidence of the 1993 conviction to impeach his testimony, arguing that its probative value did not substantially outweigh its prejudicial effect. We disagree.

Generally, evidence of prior convictions may be used to attack the credibility of a witness or the defendant if such evidence is of a crime punishable by death or imprisonment in excess of one year and "the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant." OCGA § 24-9-84.1 (a) (2). Evidence of a prior conviction under this rule is not admissible, however, if

> more than ten years has elapsed since the date of the conviction or of the release of the witness or the defendant from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

OCGA § 24-9-84.1 (b); *Hinton v. State*, 280 Ga. 811, 819 (7) (631 SE2d 365) (2006).

Here, in evaluating the admissibility of the 1993 conviction at an out-of-court hearing, the trial court observed that Tate was being tried for the same offense of which he had earlier been convicted and that he had committed such prior offense without claiming that he did so only as a result of his inability to breathe. In addressing itself to the question of admissibility, the trial court thus properly focused on whether, in light of his 1993 guilty plea, Tate's previous conviction indicated a probable lack of veracity rather than a propensity to commit the crime of which he was charged. See *United States v. Chilcote*, 724 F2d 1498, 1503 (III) (11th Cir. 1984) (holding that when

a prior conviction is introduced to impeach the credibility of a witness "care must be taken to ensure that the evidence admitted is used only to impeach the . . . witness and not as substantive evidence against the defendant. [Cit.]").

Given the foregoing, the trial court admitted Tate's prior conviction, finding that its probative value as to Tate's credibility substantially outweighed its prejudicial effect. Moreover, because the State specifically argued the 1993 conviction, not as substantive evidence of the offense at issue, but only as to Tate's credibility, there is no error on this account. See *Chilcote*, supra, 724 F2d at 1503 (III). Under these circumstances, the trial court did not abuse its discretion in admitting the prior conviction pursuant to the confines of OCGA § 24-9-84.1. *Hicks*, supra, 256 Ga. at 721 (13).

*Judgment affirmed. Barnes, C. J., and Smith, P. J., concur.*

DECIDED JANUARY 8, 2008 —
RECONSIDERATION DENIED FEBRUARY 4, 2008

*Vincirena Palmore, Charles E. W. Barrow, Leigh S. Schrope*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, David E. Boyle, Assistant District Attorney*, for appellee.