A08A0474. McNABB v. THE STATE.
(664 SE2d 800)

BARNES, Chief Judge.
Following the denial of his motion for new trial, Glyndal Wayne McNabb appeals his convictions for attempting to elude a police

---

officer, reckless driving, and misdemeanor obstruction of an officer. McNabb contends that the trial court erred in allowing the State to impeach him with prior felony convictions that were over ten years old under OCGA § 24-9-84.1 (b), and abused its discretion by excluding photographs as a discovery violation sanction. Following our review, we affirm.

Viewed with all inferences in favor of the jury's verdict, *Eady v. State*, 256 Ga. App. 696 (569 SE2d 603) (2002), the evidence demonstrates that McNabb and the victim were involved in a tumultuous three-year relationship. On January 5, 2005, McNabb and the victim had an altercation that started after McNabb became angry when the victim told him to leave her house. When the victim attempted to call McNabb's father to pick him up, McNabb grabbed the phone and pulled it out of the wall. He sat on the victim to prevent her from leaving, but the victim escaped to her bedroom where the argument escalated. The victim eventually left the home through the bathroom window, and went to a neighbor's house to call McNabb's father. The neighbor called police, and the victim upon returning home discovered that McNabb had taken her car and items that he had given her.

The responding officer saw a car leaving the area at a high rate of speed. After observing the car fail to stop at a stop sign, the officer activated his blue lights and followed the car. The officer observed the car run through another stop sign, travel on both sides of the road, and at excessive speeds for the conditions. Other patrol cars joined the pursuit. The car finally pulled into the driveway of a house, and the driver jumped out and ran to the front porch. He was identified at trial as McNabb. An officer told McNabb to lie down, but he refused and continued to try to get into the house. The officer used a Taser to try to stop McNabb, but McNabb's father opened the door and let him in. The father refused to let officers in, and a detective kicked the door open. The officers found McNabb in a bedroom where he continued to resist until officers used pepper spray to restrain him.

McNabb was indicted for false imprisonment, attempting to elude a police officer, reckless driving, and misdemeanor obstruction of an officer. Following a jury trial, he was acquitted of the false imprisonment charges, but found guilty of the remaining charges and sentenced to 12 months on each count to be served consecutively.

1. McNabb first contends that the trial court erred in allowing him to be impeached with prior felony convictions that were more than ten years old. He argues that in contradistinction to OCGA § 24-9-84.1, the trial court failed to make findings of facts and articulated no specific facts and circumstances upon which it based its ruling, and the State failed to carry its burden of proof to show

that the probative value of the impeachment evidence substantially outweighed its prejudicial effect.

Here, McNabb challenged the admissibility of his 1985 convictions for two counts of vehicular homicide. Before McNabb testified, the State provided notice that it intended to use the prior convictions for purposes of impeachment.[1] At an in-court hearing on the motion, the State argued that the probative value of the evidence outweighed any prejudicial effect because

> from the arguments so far [we] anticipate that [McNabb] is going to testify that he feared that he was going to be beaten up and that's why he ran from the police because that has the effect on the jury of making it sound like he is a more innocent person. . . . [Also] due to the fact that it is a driving offense.

McNabb acknowledged that the evidence could be used for impeachment purposes, but argued that he did not think it opened the door for the evidence's admission to testify that he "was scared of the police." The trial court admitted McNabb's prior convictions, finding that "the probative value of them as impeachment material exceeds any prejudicial value."

Prior conviction evidence is not admissible under OCGA § 24-9-84.1 (a) (2) if

> more than ten years has elapsed since the date of the conviction or of the release of the witness or the defendant from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

OCGA § 24-9-84.1 (b); *Hinton v. State*, 280 Ga. 811, 819 (7) (631 SE2d 365) (2006). However, "care must be taken to ensure that the evidence admitted is used only to impeach the witness and not as substantive evidence against the defendant." (Citation and punctuation omitted.) *Tate v. State*, 289 Ga. App. 479, 481 (657 SE2d 531) (2008).

The decision to admit or exclude evidence lies within the discretion of the trial judge, and this Court will not interfere with such discretion unless it has been abused. *Ginn v. State*, 251 Ga. App.

---

[1] "If a defendant testifies, he or she shall be sworn as any other witness and may be examined and cross-examined as any other witness." OCGA § 24-9-20 (b).

159 (1) (553 SE2d 839) (2001). Pretermitting whether, as McNabb argues, the trial court was required to make findings of fact to support its decision, we find no abuse of discretion. During cross-examination, McNabb testified extensively about how police mistreated him when he was being arrested. He also testified that he had cut his hair and donated it to the Cancer Foundation, and that the organization gave him a plaque thanking him for the contribution. At this point, over McNabb's objection, the State then introduced the prior convictions for impeachment purposes.

Every act or circumstance which serves to explain or throw light upon a material issue is relevant, and, likewise, if it tends to prove or to disprove a material fact at issue. See *Sailor v. State*, 265 Ga. App. 645, 648 (2) (595 SE2d 335) (2004). Here, McNabb testified that he was severely mistreated by police during his arrest and had done nothing to provoke their actions. He testified that he was going to his father's house because he felt "reasonably safe" there, and "would have witnesses to anything that may have occurred." He further testified about his humanitarian efforts regarding the Cancer Foundation. McNabb's testimony regarding his "laudatory activities . . . resulted in placing his character in issue under the circumstances." *Language v. State*, 169 Ga. App. 649, 650 (1) (314 SE2d 484) (1984). Thus, the trial court did not err in admitting evidence of McNabb's prior convictions.

2. The morning of the trial, McNabb presented the State with photographs for impeachment purposes to support his contention that the officers used excessive force during his arrest. The State objected to their admission on the ground that the parties had elected to proceed under the discovery provisions of OCGA § 17-16-1 et seq. and that McNabb had failed to produce the photographs within five days prior to trial, as required by OCGA § 17-16-4 (b) (1).[2] The trial court sustained the objection, and McNabb responded "That's fine. The defendant can testify as to his injuries."

Although McNabb now asserts on review that the trial court erred in excluding the admission of photographs as a sanction for violating the discovery statutes, "[a] defendant cannot acquiesce in a trial court's ruling below and then complain about that ruling on

---

[2] The defendant within ten days of timely compliance by the prosecuting attorney but no later than five days prior to trial, or as otherwise ordered by the court, shall permit the prosecuting attorney at a time agreed to by the parties or as ordered by the court to inspect and copy or photograph books, papers, documents, photographs, tangible objects, audio and visual tapes, films and recordings, or copies or portions thereof and to inspect and photograph buildings or places, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in the defense's case-in-chief or rebuttal at the trial. OCGA § 17-16-4 (b) (1).

appeal." (Citation, punctuation and footnote omitted.) *Lummus v. State*, 274 Ga. App. 636, 637 (1) (618 SE2d 692) (2005). "Acquiescence deprives him of the right to complain further," (citation omitted) *Payne v. State*, 273 Ga. App. 483, 485-486 (3) (615 SE2d 564) (2005); thus, the issue is waived for purposes of appeal.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED JULY 2, 2008 — 

*Jad B. Johnson*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Elizabeth O. Evans, Assistant District Attorney*, for appellee.