## A09A0541. JOHNSON v. THE STATE.
(673 SE2d 596)

ELLINGTON, Judge.
A Fulton County jury found Anthony Jerome Johnson guilty of burglary, OCGA § 16-7-1. Johnson appeals from the denial of his motion for new trial, contending that the court erred in admitting similar transaction evidence and in giving certain jury charges. Finding no error, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that at about 4:00 a.m. on June 19, 2007, Johnson was caught dragging about 30 feet of heavy-duty copper cable through an unlighted apartment building that was under construction. A security guard, who was alerted to Johnson's presence by the sounds of sawing and chopping, shined a flashlight in Johnson's face and asked him what he was doing in the building. Johnson told the guard that he worked there, but the guard testified that nobody started work that early and that Johnson had no authority to be there. Johnson fled and the guard chased him, never losing sight of him and catching him a short distance away. The guard identified Johnson in court as the burglar. Johnson testified that he did not commit a burglary, that he never entered the building in question, and that he happened to be on the street that morning because he wanted to be first in line when a nearby church began serving a free breakfast. The State also introduced similar transaction evidence showing that at about 11:00 p.m. on August 12, 1999, Johnson was caught removing copper pipe from a building that was under construction. The State introduced certified copies of Johnson's conviction for that burglary.

1. Johnson contends that the trial court erred in charging the jury as follows: "[T]he testimony of [a] single witness, if believed, is

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

generally sufficient to establish a fact." Johnson further contends the court should have given his request to charge, which authorized the jury to disregard testimony it found unworthy of belief. The court's charge on the testimony of a single witness was an accurate statement of the law and was adjusted to the facts of this case. OCGA § 24-4-8; *Shuman v. State*, 244 Ga. App. 335, 336 (2) (535 SE2d 526) (2000). Further, the court's pattern charge covered the principles Johnson sought to have covered in his request to charge by explaining that it is for the jury to determine whether a witness is to be believed. Because a trial court is not required to instruct the jury in the exact language of a requested charge, especially when the principle of law is covered in another charge, we find no error. *Wallace v. State*, 277 Ga. App. 280, 281 (2) (626 SE2d 229) (2006).

2. Johnson contends the court erred in charging the jury as follows:

[W]hen you consider the evidence in this case, if you find a conflict, you should settle this conflict, if you can, without believing that any witness made a false statement. If you cannot do so, then you should believe that witness or those witnesses whom you think are best entitled to belief. You must determine what testimony you will believe and what testimony you will not believe.

Johnson contends this charge was confusing, was a comment on the evidence and a slur on his intelligence, and prompted the jury to give more credence to the State's case.

The charge given by the court was taken verbatim from the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 13 (3rd ed. 2003). We are unpersuaded that this charge somehow comments on the evidence or can be construed as a slur upon Johnson's intelligence. It does not suggest or instruct that testimonial evidence be given greater weight than other evidence, nor does it suggest "that an unimpeached witness must be believed, but merely urges the jury to attempt to reconcile conflicting evidence before considering the credibility of witnesses." (Footnote omitted.) *Pena v. State*, 247 Ga. App. 211, 218-219 (8) (542 SE2d 630) (2000). Consequently, we find no error in the charge as given.

3. The trial court did not err in refusing to charge the jury on the lesser included charges of criminal trespass and attempt to commit burglary. Johnson testified that he did not have anything to do with the burglary, that he did not enter the building, and that his only connection to the offense was that he was some distance away, waiting in line to be served breakfast. Because Johnson denied any involvement in the burglary, the evidence raises only two possibili-

ties, that Johnson either committed the burglary or that he did not. Under such circumstances, we have held that the defendant is not entitled to a charge on the lesser included offense because the evidence does not warrant the charge. *Bradshaw v. State*, 237 Ga. App. 627, 628-629 (1) (516 SE2d 333) (1999); *Wyley v. State*, 169 Ga. App. 106, 109 (2) (311 SE2d 530) (1983).

4. Johnson contends the court erred in admitting the similar transaction evidence of his 1999 burglary because it was not sufficiently similar. The record, however, does not support this contention. Both burglaries involved thefts of copper tubing or pipe at night from unoccupied buildings that were under construction. These similarities are more than adequate to satisfy the State's burden of showing a sufficient connection between the similar offense and the offense for which the accused is being tried such that proof of the former tends to prove the latter. *Gibson v. State*, 268 Ga. App. 696, 697 (2) (603 SE2d 319) (2004). Consequently, we find no abuse of discretion in the trial court's decision to admit evidence of this similar offense. See id.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 13, 2009.

*Mary Erickson*, for appellant.
*Paul L. Howard, Jr., District Attorney, David K. Getachew-Smith, Assistant District Attorney*, for appellee.