## A09A1258. DYER v. THE STATE.

### (680 SE2d 177)

BLACKBURN, Presiding Judge.

Following a jury trial, Demetris Dyer was convicted on three counts of burglary[1] and one count of possession of tools for the commission of a crime.[2] He appeals his convictions, challenging the sufficiency of the evidence and arguing that the trial court erred in admitting similar transaction evidence and in admitting a voice recording, which impermissibly placed his character into evidence. For the reasons set forth below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in a light most favorable to the verdict and [Dyer] no longer enjoys a presumption of innocence." (Punctuation omitted.) *Dennis v. State.*[3] In evaluating the sufficiency of the evidence to support a conviction, we do not weigh the evidence or determine witness credibility, but only determine whether a rational trier of fact could have found the defendant guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So viewed, the record shows that in the early morning hours of May 23, 2005, Newton County Sheriff's Deputy Watkins was on patrol when he received a dispatch that a local convenience store had been burglarized. On his way to the scene, a dark-colored SUV passed him going in the opposite direction at a high rate of speed. Arriving at the scene, Watkins observed that the glass front door to the convenience store had been smashed. At the scene, he also

---

[18] *Height v. State,* 212 Ga. App. 410, 411 (442 SE2d 8) (1994).

[1] OCGA § 16-7-1 (a).

[2] OCGA § 16-7-20 (a).

[3] *Dennis v. State,* 294 Ga. App. 171 (669 SE2d 187) (2008).

[4] *Jackson v. Virginia,* 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

learned that one of his fellow deputies had patrolled the area near the convenience store twenty minutes before the burglary and had noticed a dark-colored SUV parked across the street. The other deputy added that he had observed a female sitting in the driver's seat of the SUV and talking on a cell phone.

In the early morning hours of May 30, 2005, Deputy Watkins was again on patrol when he received a call that another convenience store had been burglarized. On his way to the scene, he saw the same dark-colored SUV that he had seen a week before pass him going the opposite direction. Believing that this was more than just a coincidence, Deputy Watkins radioed another deputy, who was patrolling an area toward which the SUV appeared to be heading, to be on the lookout for the vehicle. Arriving at the scene, Deputy Watkins found that the glass door to the convenience store had been smashed with a rock and that lottery tickets had been stolen. Later that night, Deputy Watkins learned that a dry cleaner and a nail salon in a nearby shopping center had also been burglarized. The thieves had stolen approximately $20 in change from the salon and change, as well as some laundry bags, from the cleaner.

At approximately the same time that Deputy Watkins was investigating the burglary of the convenience store, the deputy whom he had radioed regarding the dark-colored SUV saw the vehicle and began pursuing it. Shortly thereafter, the deputy pulled the vehicle over and determined that the driver was Kristie Smith and that the passengers were Kevin Banks and Demetris Dyer. After obtaining Smith's consent to a search of the SUV, the deputy found several pairs of gloves and a cordless drill in the back seat. In searching the vehicle's glove compartment, the deputy found a laundry bag, another bag containing coins, and a roll of lottery tickets, which he later confirmed were stolen from the convenience store.

Dyer was indicted on four counts of burglary (Count 1 related to the burglary of the convenience store on May 23, 2005 and Counts 2-4 related to the burglaries of the cleaners, salon, and convenience store on May 30, 2005) and one count of possession of tools for the commission of a crime. At trial, the deputies testified regarding their investigation of the burglaries, and the owners of the businesses testified as to what was stolen. A deputy from Rockdale County also testified that in the early morning of May 30, 2005, Smith, Banks, and Dyer burglarized a fast food restaurant near the Rockdale-Newton county line, at which Smith and Banks had worked. In addition, Smith and Banks, who had been indicted on the same charges and had pled guilty, testified that Dyer had been involved with them in committing the Rockdale and other burglaries. Ultimately, Dyer was acquitted of the May 23, 2005 burglary but was

found guilty on the three remaining burglary charges and on the possession of tools for the commission of a crime charge. This appeal followed.

1. Dyer contends that the evidence was insufficient to support his convictions. Specifically, he argues that the only direct evidence that he had committed the charged crimes was the testimony of his alleged accomplices (Smith and Banks), who avoided lengthy sentences by cooperating with the State. We hold the evidence was sufficient.

Under OCGA § 16-7-1 (a), "[a] person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within . . . any . . . building. . . ." OCGA § 16-7-20 (a) provides: "A person commits the offense of possession of tools for the commission of crime when he has in his possession any tool, explosive, or other device commonly used in the commission of burglary, theft, or other crime with the intent to make use thereof in the commission of a crime."

In this matter, both of Dyer's two accomplices testified that he directly participated in the burglaries with them. In addition, Dyer was arrested shortly after the burglaries were committed, having been pulled over while riding in a vehicle that contained his two accomplices, tools used in the burglaries, and items and money that had been stolen from three of the burglarized businesses. "This more than sufficed as slight evidence, which on appellate review is all that is needed to corroborate an accomplice's testimony." *Burdette v. State*.[5] See *Gibson v. State*.[6] In addition, "[t]he testimony of one accomplice may be used to corroborate that of another. . . ." *Williams v. State*.[7] Furthermore, Dyer's argument that his accomplices testified against him in order to reduce their sentences and thus that they lacked credibility is without merit. As previously noted, "[d]etermining the credibility of witnesses is entirely within the province of the jury and the jury obviously believed the testimony of [Dyer's accomplices]." *Johnson v. State*.[8] Accordingly, the evidence was sufficient to allow the jury to find Dyer guilty of the charged offenses beyond a reasonable doubt. See *Walker v. State*;[9] *Burdette*, supra, 276 Ga. App. at 697 (1).

2. Dyer contends that the trial court erred in admitting similar transaction evidence. We disagree. "To admit evidence of independent acts, the State must show an appropriate purpose, sufficient

[5] *Burdette v. State*, 276 Ga. App. 695, 697 (1) (624 SE2d 253) (2005).
[6] *Gibson v. State*, 267 Ga. App. 473, 474 (1) (600 SE2d 417) (2004).
[7] *Williams v. State*, 280 Ga. 584, 586 (1) (630 SE2d 370) (2006).
[8] *Johnson v. State*, 284 Ga. App. 147, 148 (1) (a) (643 SE2d 556) (2007).
[9] *Walker v. State*, 281 Ga. App. 94, 100 (6) (635 SE2d 577) (2006).

evidence to establish that the accused committed the independent act, and a sufficient connection between the independent act and the crime charged." (Punctuation omitted.) *Hayward-El v. State*.[10] "Appropriate purposes include showing motive, plan, scheme, bent of mind, and course of conduct." *Cook v. State*.[11] "The trial court's decision to admit similar transaction evidence will not be disturbed absent an abuse of discretion." *Hayward-El*, supra, 284 Ga. App. at 130 (5).

Prior to trial, the State filed the requisite notice of intent to introduce the similar transaction of Dyer's involvement in the burglary of the fast food restaurant, which occurred in neighboring Rockdale County on the same night as the burglaries of the cleaner, the salon, and one of the convenience stores. After a hearing, in which the State argued that the evidence was similar to the evidence in this matter and was appropriate to show Dyer's scheme, bent of mind, and course of conduct, the trial court ruled that the evidence was admissible. At trial, as previously noted, a Rockdale County sheriff's deputy testified regarding Dyer's involvement in the burglary of the fast food restaurant, at which Smith and Banks formerly worked. In addition, both Smith and Banks testified that Dyer participated in the burglary of the fast food restaurant on the same night that they burglarized the cleaner, nail salon, and convenience store.

Dyer argues that the evidence should not have been admitted because he ultimately was not charged for this burglary. This argument is without merit. "It is well settled that there need not be a criminal charge or conviction relating to a similar offense for it to be admissible." (Punctuation omitted.) *Clark v. State*.[12] See *Mooney v. State*.[13] What is required is that the State show that the accused committed the independent act and that it was sufficiently similar to the other burglaries for which Dyer was being tried. Here, the State met that requirement. See *Johnson v. State*.[14] Accordingly, the trial court did not abuse its discretion in admitting the similar transaction evidence.

3. Dyer contends that the trial court erred in admitting a recording of a cell phone conversation between himself and Banks, in which they discussed plans to commit burglaries. Specifically, Dyer argues that admitting this recording constituted impermissible character evidence. He further argues that the tape should not have been

---

[10] *Hayward-El v. State*, 284 Ga. App. 125, 130 (5) (643 SE2d 242) (2007).

[11] *Cook v. State*, 276 Ga. App. 803, 809 (6) (625 SE2d 83) (2005).

[12] *Clark v. State*, 279 Ga. 243, 246 (5) (611 SE2d 38) (2005).

[13] *Mooney v. State*, 266 Ga. App. 587, 590 (2) (597 SE2d 589) (2004).

[14] *Johnson v. State*, 296 Ga. App. 112, 114 (4) (673 SE2d 596) (2009).

admitted because the poor sound quality made it difficult to understand. We do not agree that admitting the recording was error.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." *Allen v. State*.[15] Here, during Banks's testimony, the State played a recording of a cell phone conversation between Banks and Dyer, in which the two discussed their intentions to commit burglaries. In addition, Banks testified regarding the recording's authenticity and regarding the substance of the conversation. Dyer argues that this recording impermissibly placed his character into evidence. However, "[i]t is well established that evidence that is relevant to an issue in the case is not rendered inadmissible simply because it incidentally puts the defendant's character at issue." *Jones v. State*.[16] In this matter, the recording was relevant to show Dyer's intent to commit the charged offenses. See *Fitzgerald v. State*.[17] Furthermore, the fact that the recording was difficult to understand did not make it inadmissible. "Where a proper foundation is laid for the admission of a taped conversation, and part of the conversation is inaudible, the admission of the evidence is in the trial court's discretion." (Footnote omitted.) *Guess v. State*.[18] Moreover, "poor audio quality that results in inaudible portions of a [recording] can certainly be used to attack the weight and credibility of the [recording], but is not necessarily a roadblock to the tape's admissibility." *Heard v. State*.[19] Here, Dyer has not argued that the State failed to establish the proper foundation for the recording. Indeed, the record shows that a foundation was laid prior to the recording being played. Accordingly, the trial court did not abuse its discretion in admitting the tape into evidence.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JUNE 12, 2009.

*Teresa L. Smith*, for appellant.
*W. Kendall Wynne, Jr., District Attorney, T. Buckley Levins, Assistant District Attorney*, for appellee.

---

[15] *Allen v. State*, 292 Ga. App. 133, 134 (1) (663 SE2d 370) (2008).
[16] *Jones v. State*, 283 Ga. App. 812, 813 (1) (642 SE2d 887) (2007).
[17] *Fitzgerald v. State*, 201 Ga. App. 361, 364 (4) (411 SE2d 102) (1991).
[18] *Guess v. State*, 264 Ga. 335, 336 (2) (443 SE2d 477) (1994).
[19] *Heard v. State*, 257 Ga. App. 505, 507 (2) (571 SE2d 524) (2002).