## A10A0090. AHMED v. CLARK.
### (688 SE2d 361)

BLACKBURN, Presiding Judge.

In this personal injury action arising out of an automobile accident, Amina Ahmed appeals the jury verdict entered in her favor in the amount of $14,715.20, arguing that the jury awarded her less

---

money than she requested because the trial court erroneously admitted prejudicial evidence of a separate unrelated lawsuit. Beyond the fact that Ahmed acquiesced to the admission of this evidence, some evidence showed that this other lawsuit involved an earlier claim by Ahmed for a similar injury, which impeached Ahmed's testimony and which showed that her injuries were pre-existing. Accordingly, we hold the trial court did not abuse its discretion in admitting the other lawsuit, and we therefore affirm.

Construed in favor of the verdict, the evidence shows that Ahmed was injured in an automobile accident on February 16, 2006, which accident resulted from the negligence of Christopher Clark. Ahmed sued Clark, who disputed the extent of Ahmed's back, shoulder, neck and head injuries. After a jury awarded Ahmed $14,715.20, she expressed dissatisfaction with the amount and moved for a new trial on the ground that an unrelated lawsuit was erroneously admitted into evidence. The court denied the motion, giving rise to this appeal.

The sole enumeration of error is the admission of the separate lawsuit into evidence. This matter came up when during the trial, Ahmed testified that she had not suffered any injuries from any prior automobile accidents and that she had never suffered a workers' compensation injury before. Clark sought to contradict this testimony by showing that Ahmed's alleged injuries arose from two prior separate incidents. First, Clark introduced evidence that Ahmed in 2002 had made a disability claim at work for back pain. Second, Clark showed that in June 2005, a person by the identical name of Amina Ahmed had filed a separate lawsuit, seeking to recover for serious injuries from a July 2003 automobile accident. When Ahmed objected to the admission of a certified copy of the complaint in this lawsuit, Clark showed from Ahmed's tax returns that during 2005 Ahmed had lived in the same apartment that the person who had filed the June 2005 separate lawsuit had alleged was also her residence at the time of the filing of the separate lawsuit.[1] The court initially refused to admit the evidence of the separate lawsuit.

The parties then contacted the attorney who represented the plaintiff in the separate 2005 lawsuit, which attorney stated that his file reflected that the Amina Ahmed he represented in that lawsuit had a birth date and social security number different from those of Ahmed in the present suit. The parties stipulated that the attorney had stated that his file reflected such, which stipulation was read to the jury. Ahmed then contacted the attorney's paralegal, who agreed

---

[1] Clark later got Ahmed's husband to admit that this apartment was Ahmed's address in 2005.

to come to court to testify that the Amina Ahmed her firm represented in the separate 2005 lawsuit was not the Amina Ahmed pursuing the present lawsuit.

In light of these developments, Clark on the next trial day re-tendered the certified copy of the 2005 lawsuit. At this point, the trial court indicated that it was admitting the exhibit without objection, to which Ahmed's counsel responded, "Thank You, Your Honor." Ahmed's counsel then put the paralegal on the stand, who testified that in the separate 2005 lawsuit, her firm represented an Amina Ahmed different from the Amina Ahmed pursuing the present lawsuit.

The key point is that Ahmed's counsel raised no objection at the critical time when the exhibit was re-tendered following the admission of the stipulation and following the indication that the paralegal would be testifying next. This makes sense, since there would be no reason to have the paralegal testify (nor to read the stipulation to the jury) if the separate 2005 lawsuit were not admitted and at issue. Thus, the trial court expressly stated on the record that the exhibit was being admitted without objection. Ahmed's counsel acquiesced in this announcement, thanking the court for its decision.

"It is well-settled in this [S]tate that it is too late to urge objections to the admission of evidence after it has been admitted without objection. . . . Having failed to object, [Ahmed] has waived this issue on appeal." (Punctuation and footnote omitted.) *Humphrey v. State*.[2] Indeed, Ahmed's counsel here even thanked the trial court for its decision, indicating acquiescence under these circumstances. A party "cannot acquiesce in a trial court's ruling below and then complain about that ruling on appeal. Acquiescence deprives him of the right to complain further; thus the issue is waived for purposes of appeal." (Citations and punctuation omitted.) *McNabb v. State*.[3] See *MARTA v. Green Intl*.[4] (failure to make a specific objection, and then acquiescing in exhibit's admission, waives right to object on appeal). Finally, although a party may have initially objected to an exhibit, that party's failure to make a contemporaneous objection at the time the exhibit is re-tendered waives the objection. *Dyer v. State*.[5] For these reasons, Ahmed waived the right to assert her objection to this exhibit on appeal.

Even if she had not waived her objection, we note that Ahmed's argument would fail in any case. Georgia gives trial judges broad

[2] *Humphrey v. State*, 249 Ga. App. 805, 808 (2) (549 SE2d 144) (2001).

[3] *McNabb v. State*, 292 Ga. App. 395, 399-400 (2) (664 SE2d 800) (2008).

[4] *MARTA v. Green Intl.*, 235 Ga. App. 419, 425 (3) (b) (509 SE2d 674) (1998).

[5] *Dyer v. State*, 257 Ga. App. 267, 268 (3) (570 SE2d 692) (2002).

discretion in determining the admissibility of evidence objected to on relevancy grounds. "The admission of evidence lies within the sound discretion of the trial court. Absent an abuse of discretion, a trial court's decision regarding whether to admit or exclude evidence will not be disturbed." (Citation and punctuation omitted.) *Miller v. Cole.*[6] Further,

> [u]nless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it.

(Punctuation omitted.) *Biederbeck v. Marbut.*[7]

Here, some evidence showed that Ahmed in the present suit indeed filed the separate 2005 lawsuit in that the plaintiff in that suit had the identical name and lived at Ahmed's identical address at the very time Ahmed (and her husband) admitted she had lived there. Although there was certainly evidence showing it was not the same person, this was a matter for the jury to resolve, and the trial court did not abuse its discretion in admitting the exhibit. Nor did the trial court abuse its discretion in finding that the exhibit's potential probative value of showing that Ahmed had suffered prior injuries and of impeaching Ahmed's testimony outweighed any potential prejudicial value. Accordingly, we would affirm even if Ahmed had not waived the issue.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED DECEMBER 3, 2009.

*Anthony T. Pete*, for appellant.

*Greer, Klosik, Daugherty & Swank, William L. Swank II, Alina A. Krivitsky*, for appellee.

---

[6] *Miller v. Cole*, 289 Ga. App. 471, 473 (657 SE2d 585) (2008).
[7] *Biederbeck v. Marbut*, 294 Ga. App. 799, 804 (4) (670 SE2d 483) (2008).