## A10A0032. LOVE v. THE STATE.
(690 SE2d 246)

BLACKBURN, Presiding Judge.

Following a jury trial, Nolan Love was convicted on one count of burglary[1] and one count of misdemeanor criminal trespass.[2] He appeals his convictions and the denial of his motion for new trial, arguing that the trial court erred in (i) allowing testimony that impermissibly placed his character into evidence, (ii) allowing the State to impeach his testimony with his prior convictions, despite the prejudicial effect of those convictions outweighing their probative value, and (iii) allowing the State to use his prior convictions for

---

[1] OCGA § 16-7-1 (a).
[2] OCGA § 16-7-21 (b) (3).

purposes beyond mere impeachment. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, *Davis v. State*,[3] the evidence shows that in the early afternoon of March 31, 2008, a police officer, who was investigating an unrelated homicide, was walking the grounds of an apartment complex with the complex's manager when he observed Love walking near the rear of the complex and carrying a large trash bag over his shoulder. As the officer approached Love, he noticed that the trash bag was partially torn and that it contained electronics of some sort. When the officer asked Love what he was doing, Love responded that he was moving the items from one apartment to another. Based on his suspicion that Love had burglarized one of the apartments, the officer detained Love and called for an officer responsible for investigating burglaries to report to the scene.

Upon arriving at the apartment complex, the burglary investigator searched the trash bag that Love was carrying and found that it contained a small television and a DVD player. Love told the investigator that he took the items from apartment number 687. He also admitted to the investigator that the apartment's resident, who was out of town, did not give him permission to move the items but claimed that a former roommate of the resident had given him such permission. Thereafter, the investigator went to the apartment and saw that the back kitchen window had been broken and that the back door had been unlocked from the inside. During the course of his investigation, he also spoke with the security guard for the apartment complex, who informed the investigator that he had previously issued a criminal trespass warning to Love and had warned him to stay away from the complex.

Love was arrested and indicted on one count of burglary and one count of misdemeanor criminal trespass. At trial, the officers testified regarding their investigation of the burglary, and the apartment security guard testified about issuing the criminal trespass warning to Love. In addition, the woman who lived in the apartment testified that she knew Love but that she did not give him or anyone else permission to enter her apartment and take any items. She further testified that she was out of town when the burglary occurred but that when she left, the kitchen door was locked and the back window was not broken. Love testified in his own defense and maintained that a woman, who he believed was the resident's former roommate, had given him permission to enter the apartment and remove the television and DVD player. At the trial's conclusion, the jury found

---

[3] *Davis v. State*, 275 Ga. App. 714, 715 (1) (621 SE2d 818) (2005).

Love guilty of both burglary and misdemeanor criminal trespass. Shortly thereafter, Love filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

1. Love contends that the trial court erred in allowing testimony by the apartment complex's security guard that impermissibly placed his character into evidence and in failing to declare a mistrial based on that same testimony. We disagree.

"Admission of evidence is a matter committed to the sound discretion of the trial court, and the trial court's evidentiary decisions will not be disturbed on appeal absent an abuse of discretion." *Allen v. State*.[4] At trial, the apartment complex's security guard testified regarding his issuing a criminal trespass warning to Love the night before the burglary of the apartment was discovered and his reasons for doing so. Specifically, the security guard testified that he had encountered Love on the premises late that night and had questioned him as to why he was there. In response, Love had given the security guard a false name and had told him that he was at the complex to buy drugs from a friend. Love's counsel objected and moved for a mistrial, but the trial court allowed the testimony and denied his motion.

Love argues that the security guard's testimony impermissibly placed his character into evidence and that the trial court should have granted a mistrial to remedy the resulting prejudice. However, "it is well established that evidence that is relevant to an issue in the case is not rendered inadmissible simply because it incidentally puts the defendant's character at issue." (Punctuation omitted.) *Dyer v. State*.[5] In this matter, the security guard's testimony that Love had told him that he was at the complex to buy drugs was relevant to the criminal trespass count for which Love was being tried. Specifically, the testimony showed that the security guard had provided Love with notice that he was to stay away from the property and the guard's reasons for doing so. "Notice is an essential element of the offense of criminal trespass, and must be proven by the [S]tate beyond a reasonable doubt at trial." *Rayburn v. State*.[6] See OCGA § 16-7-21 (b) (3). "Inherent in the statute's notice provision is a requirement that notice *be reasonable under the circumstances*, as well as sufficiently explicit to apprise the trespasser what property he is forbidden to enter." (Emphasis supplied.) *Rayburn*, supra, 250 Ga. at 657 (2). Thus, the trial court did not abuse its discretion in allowing the security guard's testimony and refusing to declare a

---

[4] *Allen v. State*, 292 Ga. App. 133, 134 (1) (663 SE2d 370) (2008).

[5] *Dyer v. State*, 298 Ga. App. 327, 331 (3) (680 SE2d 177) (2009).

[6] *Rayburn v. State*, 250 Ga. 657 (2) (300 SE2d 499) (1983).

mistrial. See *Ansley v. State*[7] (hotel owner's testimony that defendant was soliciting prostitution would have been admissible to explain owner's conduct in giving defendant notice to leave the premises); *Gasaway v. State*[8] (testimony that defendant was drunk and had been starting fights was relevant to explain why defendant had been forbidden to enter premises).

2. Love contends that the trial court erred in allowing the State to impeach his testimony with his prior convictions of burglary and attempt to commit burglary, arguing that the prejudicial effect of those convictions outweighed their probative value. We disagree.

In this matter, during the trial court's colloquy with Love regarding his decision of whether or not to testify, the court informed Love that if he testified, his prior convictions could be admitted to impeach his credibility pursuant to OCGA § 24-9-84.1 (a) (2). That statute provides:

> For the purpose of attacking the credibility of a witness, or of the defendant, if the defendant testifies[, . . . e]vidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant.

Love's counsel objected to any use of Love's prior convictions, and consequently, both Love and the State argued the issue outside the presence of the jury. At the conclusion of the argument, the trial court stated that it would consider the issue overnight and recessed the proceedings for that day. The next day, the court ruled that if Love testified it would not admit his prior convictions of aggravated assault and misdemeanor theft by taking but would admit his prior convictions of burglary and attempt to commit burglary, finding that the probative value of the latter two convictions outweighed their prejudicial effect.

Love argues that the trial court erred in ruling to admit his prior burglary and attempted burglary convictions. However, given that Love's defense to the current charges was that he believed he had permission to remove the television and DVD player from the apartment, the trial court did not abuse its discretion in admitting the two prior convictions, which indicated a probable lack of veracity

---

[7] *Ansley v. State*, 197 Ga. App. 765, 765-766 (399 SE2d 558) (1990).
[8] *Gasaway v. State*, 119 Ga. App. 199, 200 (2) (166 SE2d 381) (1969).

110

by Love. See *Newsome v. State*[9] (prior convictions were properly admitted to impeach defendant's credibility when evidence amounted to a swearing contest between defendant and victim); *Tate v. State*[10] (prior conviction was properly admitted to impeach defendant's credibility when prior conviction indicated a probable lack of defendant's veracity).

3. Love further contends that the trial court erred in allowing the State to use his prior convictions for purposes beyond the scope of mere impeachment when it overruled his objection to the State's cross-examination of him regarding the details of those convictions. We disagree.

"[W]ith regard to impeachment by prior convictions, the specific facts underlying the crime are irrelevant unless the witness attempts to rehabilitate himself by explaining the circumstances of his conviction." (Punctuation omitted.) *Brown v. State*.[11] See *Vincent v. State*.[12] Indeed, one cannot bolster his impeachment of a witness with facts underlying the witness's prior convictions if the witness has not attempted to rehabilitate his character. *Robinson v. State*.[13]

Here, as previously noted, Love discussed his prior convictions of burglary and attempted burglary during his direct examination. However, in addition to introducing those convictions into evidence, Love further testified he had not actually committed the crime of attempted burglary but only pled guilty in order to quickly resolve the case. Thus, when the State prosecutor asked Love on cross-examination where the attempted burglary had allegedly occurred, the question was permissible given Love's attempt to rehabilitate his character by claiming that he had not committed the offense. See *Vincent*, supra, 264 Ga. at 235. Accordingly, the trial court did not abuse its discretion in overruling Love's objection to the cross-examination regarding his prior convictions.

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED JANUARY 25, 2010.

*John N. Habib*, for appellant.
*Paul L. Howard, Jr., District Attorney, Lenny I. Krick, Assistant District Attorney*, for appellee.

---

[9] *Newsome v. State*, 289 Ga. App. 590, 592-593 (2) (657 SE2d 540) (2008).
[10] *Tate v. State*, 289 Ga. App. 479, 480-481 (657 SE2d 531) (2008).
[11] *Brown v. State*, 276 Ga. 192, 193 (3) (576 SE2d 870) (2003).
[12] *Vincent v. State*, 264 Ga. 234, 235 (442 SE2d 748) (1994).
[13] *Robinson v. State*, 246 Ga. App. 576, 580 (3) (541 SE2d 660) (2000).