## A10A0824. HUMPHREY et al. v. HOMECOMINGS FINANCIAL, LLC.
(695 SE2d 322)

JOHNSON, Judge.

Homecomings Financial, LLC[1] filed a complaint against Thomas Humphrey and Susan Humphrey, seeking to reform a warranty deed and a security deed because of alleged scrivener's errors in the deeds. A bench trial was held, after which the trial court entered judgment in favor of Homecomings Financial. The Humphreys appeal from that judgment reforming the deeds.

1. The Humphreys claim that the trial court erred in admitting certain survey plats and deeds, in accepting hearsay testimony from an expert witness and in rejecting the testimony of another witness. However, they failed to raise any of these issues concerning evidence admissibility in the trial court.

> It is well settled that no issue is presented for appellate review regarding a question of evidence admissibility as to which the trial court was not called to rule upon at trial. In order to raise on appeal an impropriety regarding the admissibility of evidence, the specific ground of objection must be made at the time the evidence is offered, and the failure to do so amounts to a waiver of that specific ground.[2]

At trial, when the exhibits in question were tendered for admission into evidence, the Humphreys expressly stated that they had no objection. With regard to the expert, the Humphreys raised no objections during any of his testimony. As for the alleged improper exclusion of testimony from another witness, the Humphreys have not indicated precisely what testimony was excluded or how they preserved this purported error for appellate consideration.[3] Indeed, a review of the trial transcript reveals that during the witness'

---

[1] At the time the complaint was filed, the company was known as Homecomings Financial Network, but its name was later changed to Homecomings Financial, LLC.

[2] (Citations and punctuation omitted.) *Winter v. State*, 252 Ga. App. 790, 791 (1) (557 SE2d 436) (2001).

[3] See Court of Appeals Rule 25 (a) (1) (brief of appellant "shall contain . . . a statement of the method by which each enumeration of error was preserved for consideration").

testimony, the Humphreys made one objection on another ground, which was sustained, and that they never claimed that the trial court had improperly excluded any testimony by the witness. Because the Humphreys failed to make any of these specific objections in the trial court, they have waived the issues on appeal.[4]

2. The motion for imposition of a frivolous appeal penalty filed by Homecomings Financial is hereby denied.

*Judgment affirmed. Miller, C. J, and Phipps, P. J., concur.*

DECIDED APRIL 28, 2010 —
RECONSIDERATION DENIED MAY 13, 2010 — 

*Henry R. Stringfellow, James B. McGinnis*, for appellants.
*Burr & Forman, John O. Sullivan*, for appellee.

---

[4] See *Ahmed v. Clark*, 301 Ga. App. 426, 428 (688 SE2d 361) (2009).