## A10A1749. HOPKINS v. THE STATE.

(709 SE2d 873)

PHIPPS, Presiding Judge.

Robert Hopkins was convicted of theft by shoplifting. He appeals from his conviction, arguing that the trial court erred by (1) permitting the state to introduce evidence of a prior burglary conviction for impeachment purposes, and (2) refusing to give one of his requested jury charges. Finding no reversible error, we affirm.

The state presented evidence that on November 29, 2007, a loss prevention investigator at a Home Depot store saw Hopkins and another man place approximately 30 rolls of copper wire into a shopping cart; copper wire was the "highest loss" or "highest shrinking item"[1] in the store. Hopkins pushed the shopping cart toward the entrance/returns area of the store, rather than the cash register area. As Hopkins passed the "point of sale" area or "sensormatic bars," an alarm sounded and a cashier stopped him. Hopkins and the man he was with stopped briefly, then left the store without the merchandise. The investigator summoned a police officer, who arrested Hopkins and his companion as they walked outside the store.

The state also presented similar transaction evidence showing that on December 19, 2007, a loss prevention specialist at another Home Depot store saw Hopkins and another man looking over their shoulders while pushing a shopping cart containing 31 rolls of copper wire, a high "shrink" item at that store, toward the entrance/returns area of the store instead of toward the cash register area; purchases could not be made in the returns area. The specialist called the police, and a police officer arrived to see Hopkins and another man taking turns pushing a cart loaded with copper wire toward the store exit. When the men neared the "sensormatics" and the door, the police officer stopped them. Both men were arrested.

Hopkins testified that on the day of the shoplifting charged in this case, he had been hired as a day laborer and was loading a shopping cart with electrical wire for the man who had hired him. Hopkins then pushed the cart and followed his employer toward the returns area. Hopkins testified that before they got to the returns register, an employee directed them to the purchase registers. His employer told him to wait while he telephoned his boss. Hopkins grew tired of waiting and left the store, at which time he was arrested (along with the employer). As for the similar transaction incident, Hopkins testified that he had gone into the store to get a drink of water and to use the restroom, and had not pushed a

---

[1] "Shrink" refers to loss resulting from, inter alia, theft.

shopping cart or associated with anybody who had pushed a shopping cart. In an effort to impeach Hopkins's testimony, the state introduced at the 2009 trial a certified copy of his 1995 conviction for burglary; Hopkins received a ten-year sentence on the burglary conviction.

1. Hopkins contends that the trial court erred in admitting as impeachment evidence his prior conviction for burglary, arguing that the prejudicial effect of the conviction outweighed its probative value. We disagree.

OCGA § 24-9-84.1 provides in pertinent part:

(a) *General rule.* For the purpose of attacking the credibility of a witness, or of the defendant, if the defendant testifies: . . .

(2) Evidence that the defendant has been convicted of a crime shall be admitted if the crime was punishable by death or imprisonment of one year or more under the law under which the defendant was convicted if the court determines that the probative value of admitting the evidence substantially outweighs its prejudicial effect to the defendant[.] . . .

(b) *Time limit.* Evidence of a conviction under subsection (a) of this Code section is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of . . . the defendant from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interest of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

. . .

The decision to admit or exclude evidence lies within the discretion of the trial judge, and this court will not interfere with such discretion unless it has been abused.[2]

Although there was some debate at trial as to Hopkins's release date on the burglary conviction, the state eventually conceded that the conviction fell outside of the ten-year limit set forth in the statute. Pursuant to OCGA § 24-9-84.1 (b), the trial court has the discretion to admit evidence of an older conviction in the interest of justice if its probative value substantially outweighs its prejudicial

---

[2] See *Newsome v. State*, 289 Ga. App. 590, 594 (2) (657 SE2d 540) (2008).

effect.[3] As to the charged shoplifting incident, Hopkins testified in his defense that he was merely following the instructions of his employer and had no intention of committing a theft. And he testified that, as to the prior burglary, he was homeless at that time and "the only thing [that] happened there . . . [was] I broke into a place and went to sleep."

Hopkins's credibility as to his intent was highly relevant to the jury's decision.[4] Observing that both the charged offense and the burglary offense for which Hopkins was previously convicted involved intent to commit a theft,[5] the court found that Hopkins's burglary conviction had sufficient probative value for the purpose of impeachment on whether Hopkins intended to commit the charged theft, and that the probative value of the burglary conviction substantially outweighed its prejudicial effect. Under the circumstances, Hopkins has failed to show that the court abused its discretion in admitting the prior conviction.[6]

2. Hopkins asserts as error the court's refusal to give the following jury charge, which he requested:

> If upon consideration of the evidence in this case, you find that there is a conflict in the testimony of the witnesses or a conflict between a witness or witnesses, it is your duty to settle this conflict, if you can, without believing that any witness made a false statement. If you cannot do this, then it becomes your duty to believe that witness or those witnesses you think best entitled to belief.

In declining to give the charge, the court stated that the appellate courts had recently ruled that the charge was improper. Although the court did not cite any case law to support its statement or otherwise explain why the requested charge was improper, the state posits that the requested charge was properly refused because it was the "presumption of truthfulness" charge disapproved in *Reid v. State.*[7]

---

[3] *Treadwell v. State*, 285 Ga. 736, 742-743 (3) (684 SE2d 244) (2009); see *McNabb v. State*, 292 Ga. App. 395, 397 (1) (664 SE2d 800) (2008); *Tate v. State*, 289 Ga. App. 479, 481 (657 SE2d 531) (2008).

[4] See *Cobb v. State*, 302 Ga. App. 821, 825 (3) (692 SE2d 65) (2010).

[5] See OCGA § 16-7-1 (a) (providing pertinently that burglary involves entering or remaining in a dwelling house of another or building without authority and with the intent to commit a felony or theft therein).

[6] See *Treadwell*, supra at 743; *Love v. State*, 302 Ga. App. 106, 109-110 (2) (690 SE2d 246) (2010); *Tate*, supra at 481.

[7] 286 Ga. 484, 485 (2) (690 SE2d 177) (2010), citing *Noggle v. State*, 256 Ga. 383, 385-386 (4) (349 SE2d 175) (1986) (presumption of truthfulness charge, instructing jury that when

Citing *Johnson v. State*,[8] Hopkins counters that the appellate courts have approved the use of a nearly identical charge.[9] Hopkins is correct.[10] Contrary to the state's argument, the requested charge was not a "presumption of truthfulness" charge.[11]

Nonetheless, the court's failure to give the requested charge provides no basis for reversal. "It is error to refuse to give a charge only where the request is a correct statement of law that is pertinent and material to an issue in the case and not substantially covered by the charge actually given."[12] Here, the final charge as a whole substantially covered the principles expressed in Hopkins's requested charge. The jury was instructed that:

> You are by law the sole and exclusive judges of the credibility or believability of witnesses. It is for you to decide what witness or witnesses you will believe and those which you will not believe if there are any you do not believe.

The court also instructed the jury that, for a conviction to be warranted based upon circumstantial evidence, the facts proven must not only be consistent with the theory of guilt but must exclude every reasonable theory other than guilt. And the court instructed the jury regarding, inter alia, reasonable doubt, the presumption of innocence, the burden of proof, intent, and factors to consider in passing upon credibility. Consequently, the jury instruction as a whole adequately covered the principle of law set out in Hopkins's requested charge.[13]

*Judgment affirmed. Miller, P. J., and McFadden, J., concur.*

DECIDED MARCH 29, 2011 —
RECONSIDERATION DENIED APRIL 14, 2011 — 

*Gerard B. Kleinrock*, for appellant.

---

witnesses appear and testify, they are presumed to speak the truth unless impeached in some manner provided by law, can be misleading and is of little positive value, though the giving of it is not unconstitutional and does not constitute reversible error).

[8] 296 Ga. App. 112, 113 (2) (673 SE2d 596) (2009).

[9] Id.

[10] See id. See also *Guyton v. State*, 281 Ga. 789, 791 (2) (642 SE2d 67) (2007).

[11] *Mallory v. State*, 271 Ga. 150, 151 (2) (517 SE2d 780) (1999) (charge which merely urges jury to attempt to reconcile conflicting testimony before considering the credibility of witnesses, without suggesting that an unimpeached witness must be believed, is not a "presumption of truthfulness" charge such as was disapproved in *Noggle*).

[12] *Taylor v. State*, 272 Ga. 744, 745 (1) (534 SE2d 67) (2000) (citation and punctuation omitted).

[13] *Butler v. State*, 294 Ga. App. 540, 544 (3) (669 SE2d 525) (2008); *Tran v. State*, 246 Ga. App. 153, 160 (7) (539 SE2d 862) (2000).

*Gwendolyn Keyes Fleming, District Attorney, Deborah D. Well-born, Assistant District Attorney*, for appellee.