**THIRD DIVISION**
**MIKELL, P. J.,**
**MILLER and BLACKWELL, JJ.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 10, 2012**

# In the Court of Appeals of Georgia

A12A0083. PLUMMER v. THE STATE.

MILLER, Judge.

Following a jury trial, Kelly Clark Plummer was convicted of aggravated child molestation (OCGA § 16-6-4 (c)), two counts of child molestation (OCGA § 16-6-4 (a) (1)), and cruelty to children in the first degree (OCGA § 16-5-70 (b)). Plummer filed a motion for new trial, which the trial court denied. In his sole enumeration of error on appeal, Plummer contends that the trial court erred in giving the pattern jury charge regarding conflicts in testimony.[1] We discern no error and affirm.

---

[1] Notably, Plummer's appellate contention does not challenge the sufficiency of the evidence supporting his convictions. We therefore refrain from reciting the trial evidence regarding the offenses, and we focus on the facts necessary to address Plummer's enumeration of error.

The record reflects that the trial court charged the jury, in pertinent part, as follows:

> When you consider the evidence in the case, if you find a conflict, you should settle this conflict[,] if you can[,] without believing that any witness made a false statement. If you cannot do so, then you should believe that witnesses or those witnesses whom you think are best entitled to belief. You must determine what testimony you will believe and what testimony you will not believe.

Plummer objected to the foregoing charge at trial, and he contends that the charge was an improper comment on the evidence and witness veracity.

Plummer's contention in this regard was rejected by this Court in *Johnson v. State*, 296 Ga. App. 112, 113 (2) (673 SE2d 596) (2009). As stated in *Johnson*,

> [t]he charge given by the court was taken verbatim from the Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 13 (3rd ed. 2003). We are unpersuaded that this charge somehow comments on the evidence[.] . . . It does not suggest . . . that an unimpeached witness must be believed, but merely urges the jury to attempt to reconcile conflicting evidence before considering the credibility of witnesses.

(Citation and punctuation omitted.) Id.; see also *Pena v. State*, 247 Ga. App. 211, 218-219 (8) (542 SE2d 630) (2000). We further note that the charge was not a "presumption of truthfulness" charge, which was disapproved in *Noggle v. State*, 256

2

Ga. 383, 385-386 (4) (349 SE2d 175) (1986). See *Mallory v. State*, 271 Ga. 150, 151 (2) (517 SE2d 780) (1999); *Hopkins v. State*, 309 Ga. App. 298, 300-301 (2) (709 SE2d 873) (2011). Applying the binding precedents, we find no error in the charge as given.

*Judgment affirmed. Mikell, P. J., and Blackwell, J., concur.*